Delevan *v.* Bates.

## DELEVAN *v.* BATES.

D. took a mare belonging to B., which he afterwards sold to T., against whom B. brought replevin and recovered the mare. Afterwards B. sued D. in trespass, to recover the damages he had sustained by reason of the detention of the mare from him, and the expense he had been at in regaining possession of her. *Query*, whether an action will lie in such a case. The proper action, if one will lie, is trespass and not case.

In action of tort, every thing that may properly be considered by the jury in mitigation of damages, may be given in evidence under the general issue.

ERROR to Hillsdale Circuit Court. Bates sued Deleyan before a justice of the peace, in trespass. The declaration alleged that Delevan, on the 28th February, 1839, with force and arms, certain goods and chattels of the plaintiff, to wit: a sorrel mare of the value of $100, seized, took, led and carried away, and to his own use converted and disposed of, and that he kept and detained the same from the plaintiff for the space of three years, next following; and that by reason thereof the plaintiff had been obliged to pay $100, in order to regain possession of his property; and had also been subjected to great expense and trouble, and had been obliged to pay $100 to procure another team, &c. Delevan plead not guilty, and for a further plea, that he took the mare as deputy sheriff of the county of Hillsdale, by virtue of an execution against one Oliver Bates, &c.; and gave notice that he would give in evidence under the general issue, that Bates had instituted a suit in replevin, in a justice's court, before the commencement of the present suit, for the recovery of the mare against one Town, who purchased her when she was sold by defendant on the execution, and that in that suit judgment was had for the recovery of the mare by Bates. Bates recovered judgment in the justice's court, and Delevan appealed to the circuit court. On the trial in the circuit court it was admitted by the parties that Delevan took the mare, and that Bates had recovered possession of her in the replevin suit, and that in the present suit he did not seek to recover the value of the mare, but the damages only arising from the taking. The counsel for Delevan thereupon moved for a nonsuit, on the ground the action should have been case instead of trespass; and for the reason

Delevan *v*. Bates.

that the recovery in the replevin suit was a bar to the present action. The motion was denied; and defendant then offered in evidence the docket of the justice in the replevin suit, which was objected to by plaintiff's counsel, and the objection sustained by the court, because the notice accompanying the plea did not state a satisfaction of the judgment. Defendant excepted, and afterwards sued out his writ of error.

*Murphy*, for plaintiff in error.

*Howell*, for defendant in error.

*By the court*, GREEN, J. The property in question having been unlawfully taken by Delevan, and sold to Town, who unjustly detained it from Bates, he was at liberty to prosecute his remedy against either of the wrong-doers, at his election. He elected to prosecute his writ of replevin against Town, and recovered his property, with the costs of suit. In that action, he was also entitled to recover his damages for the detention, (R. S. 1838, p. 525,) and whether he claimed such damages, or had them assessed or not, is entirely immaterial so far as this case is concerned, a waiver of damages being equivalent to a satisfaction.

The first question presented is, whether the action should have been case or trespass? There can be no doubt that if an action can be sustained upon the facts contained in the record, the form of action adopted is the proper one. The wrongful taking complained of, was a direct and immediate injury to the plaintiff, and until the recent statute authorized an action on the case for such an injury, that form of action could not be used in this class of cases.*

But a more formidable question; and one about which we entertain very serious doubts, is, whether Bates, having elected to prosecute his action of replevin against Town, a vendee under Delevan, and having recovered his property in that action, can still maintain this action against Delevan? See Cowen & Hill's notes to Phillip's Evidence, 828, 978, and the cases there cited. This last question, not having been very clearly and distinctly presented by the record, nor fully discussed by the counsel, and the decision of it being of considerable importance as a precedent to govern this court hereafter in like cases, we shall not now undertake to decide; for whether the circuit court was right or not, in refusing to nonsuit the plaintiff, the judgment in this cause must be reversed upon another ground.

* R. S. 1846, p. 484, § 30.

The only other question necessary to be considered is, whether the circuit court erred in refusing to admit in evidence the docket of the justice before whom the replevin suit was tried? In actions of tort, every thing which may properly be considered by the jury in mitigation of damages, may be given in evidence under the general issue; for such matters cannot be pleaded, and a notice of them would be of no avail.

Assuming, then, that this action may be maintained, the justice's docket, showing the recovery of the property, with the costs of the suit, and a waiver or satisfaction of the damages to which the plaintiff therein was entitled, should have been admitted, as evidence in mitigation of the damages; and that evidence having been erroneously rejected, the judgment must be reversed, and a new trial awarded—the costs to abide the event.

*Judgment reversed and new trial awarded.*