## KINNIE *v.* OWEN ET AL.

The general issue in all civil actions under R. S. ch. 99, sec. 22, traverses every material averment in the plaintiff's declaration, which must be proved, whatever the nature or form of action may be.

CASE reserved from Wayne Circuit Court. The vessel Manhattan was attached for carelessly running down the Saltillo, with a cargo of wheat on board, under ch. 122, R. S., at the instance of Perry, who was a part owner of the Saltillo; and Kinnie, who owned the wheat, filed his claim under the attachment. A bond was given under the thirteenth section of the act, and the vessel was released. The present action was on this bond; and to the declaration, assigning breaches of the condition of the bond, defendants plead the general issue, by demanding a trial of the matters set forth in the plaintiff's declaration—the form of the general issue in all civil cases prescribed by R. S., chapter 99, section 22. No notice accompanied the plea. When the cause was called on for trial, the plaintiff's counsel stated that, under the plea, they deemed it unnecessary to prove any thing more than the execution of the bond; and that it would be incompetent for defendants to give any other evidence than such as was admissible under the plea of *non est factum.* Thereupon, to save time, it was agreed plaintiff should proceed with his case; that defendants should introduce their entire defence, subject to the aforesaid objection; and that if, upon the whole case, the

court should deem plaintiff entitled to recover, such should be the judgment of the court; if not, then the court should pass on the objection, and the plaintiff have the benefit of it. The trial proceeded, and a verdict having been rendered for defendants, the court overruled the plaintiff's objection, and held the defendants' plea sufficient to admit a defence on the merits. Plaintiff excepted, and the question was reserved for the opinion of this court.

*Fraser, Van Dyke and Emmons*, for plaintiff.

*Joy and Bates*, for defendants.

*By the court*, MUNDY, J. The solution of the questions presented in this case, depends, we think, upon a just construction of the Revised Statutes of 1846, and especially of those provisions which abolish in all civil actions special pleading, permitting all matters of defence to be given in evidence under the general issue, and providing for a notice under such issue of those matters which, by the old rules of pleading, were to be specially pleaded, or special notice thereof given under the general issue. The object of the legislature unquestionably was the saving to suitors the vexation and expense too frequently the result of the subtleties of special pleading.

The legislature provided, by section 22, chapter 99 of the late Revision, that " no special plea in bar shall be pleaded in any civil action hereafter to be commenced; but all matters of defence in any such action may be given in evidence under the general issue;" and by section 23, " in all civil actions hereafter to be commenced, the general issue shall consist of a demand by the defendant of a trial of the matters set forth in the plaintiff's declaration."

It is to be remarked here that the legislature not only provided, that in all civil cases the issue between the parties shall be the general issue; but that they determined the form, the substance and the effect of that plea. It shall consist of a demand by the defendant of a trial of the matters set forth in the plaintiff's declaration. That is, by this plea, the court is called upon to pass upon the plaintiff's cause of action; to hear, try and determine the matters set forth in his declaration. What matters? Looking at the case now before us, shall we say, as is claimed by the counsel for the plaintiff, the matter only whether the bond was

Kinnie *v.* Owen *et al.*

made by the defendants: or shall we say, all those matters averred by him in his declaration, as constituting his cause of action. It seems to us, that from the language of the legislature, there can be no doubt upon this subject.

This is to be the plea in all cases, irrespective of the cause or the form of action: whether the action be founded upon contract, or upon tort— whether in form it be in debt, or in case, the cause of action, as alleged in the declaration, is by this plea put in issue.

Under this rule of pleading, the only question, so far as matters of defence are concerned, which can in any case arise, is, whether they are such as the practice of our courts requires to be specially pleaded.

What the matters of defence given in evidence under the general issue in this case, were, does not appear. It does not appear that any thing was given in evidence, supposing the plea to put in issue all of the material averments in the declaration, which, by the former practice, should have been specially pleaded or noticed under the general issue; and looking at the cause of action, we cannot conceive the necessity for, nor the existence of any such matter of defence, unless it might be the statute of limitations.

Aside from the bond—and this is merely incidental, made so by the statute—the matters in controversy are precisely the same as if the action had been in case against the owner of the boat. The decision must have turned upon the question of negligence; this the plaintiff must have established, to have entitled himself to a verdict; and, surely, if the action had been case, the defendants might, under the general issue, have given in evidence all the circumstances attendant upon the collision of the two boats.

*Certified accordingly.*