Burnham *vs.* The People.

---

## BURNHAM *vs.* THE PEOPLE.

Upon the trial of a cause before a Justice of the Peace, parol proof of the contents of a Government Patent, so mutilated as to be in some parts illegible, was offered, and under objection by the other party, admitted by the Justice; which ruling was sustained upon *certiorari* by the Circuit Court. This was alleged as error in this Court, but it did not appear by the return that the patent was mutilated in any material part, nor that it was not sufficient, without the parol proof. The Court, holding that in all cases error must be clearly shown, affirmed the judgment.

Error to Kent Circuit Court.

The plaintiff in error was convicted by the verdict of a

jury, of "willfully and knowingly cutting and carrying off from premises not his own," &c., certain trees and logs, at a time and in a place therein specified, and on premises therein mentioned, under the provisions of chap. 154 R. S., "of offences against property," (page 670, § 51,) for which he was sentenced by the Justice of the Peace before whom the case was tried, to pay a fine, &c. On the trial, the prosecution offered in evidence, for the purpose of showing that the premises in question were not the property of the plaintiff in error, a patent from the General Government, which had become so mutilated as to be illegible in some parts, and parol proof was offered and allowed, showing what the original patent was, or contained, prior to such mutilation. Objection was made to the introduction of such proof by the plaintiff in error, on the ground of its incompetency; but the testimony was received. The ruling of the Justice was affirmed by the Circuit Court, and the plaintiff in error then and there sentenced accordingly.

*J. T. Holmes*, for plaintiff in error.

———, for the People.

By the Court, GREEN, P. J.

The plaintiff in error seeks to reverse the judgment of the Circuit Court, because the judgment rendered before the Justice was affirmed, and not reversed in that Court, as he insists it ought to have been, on the ground that the Justice improperly received parol evidence of the contents of a mutilated government patent.

The record shows that on the trial before the Justice, it appeared that the original government patent of the land in question had been mutilated so that the same was illegible in some parts, and parol evidence was offered to show what the patent contained before the mutilation, which evidence

was objected to, but admitted by the Justice; and thereupon the patent was offered in evidence, on the part of the prosecution and read to the jury. The record does not show what ground of objection was urged against the reception of the parol testimony, or whether any was stated. The ground urged here why it was incompetent is, that it was not the best evidence in the power of the prosecution, because an exemplified copy of the patent might have been obtained from the record in the General Land Office, which would have been evidence of a higher grade.

Authenticated copies of patents, from the General Land Office, are receivable in our Courts, and are claimed to be a higher order of evidence than parol testimony; and in case of the loss or destruction of the original, if not recorded under our laws, such authenticated copy ought, perhaps, to be required. (2 *U. S. Statutes at Large, p.* 717; 5 *U. S. Statutes at Large, p.* 111.) It is not necessary, however, to decide this question, for in this case it does not appear that the parol testimony was at all material. The patent was mutilated so far as to be illegible in *some parts*, but whether in any *material* parts, the record does not show. It is obvious that some parts of the recital may have been rendered illegible, and yet the material portion—the grant of the land—may have remained perfect and entire, so that it would still be evidence of title. Had the parol evidence been substituted for the patent, the error would have been fatal; but in this case the patent was introduced and read to the jury, and so far as we can see, from the record, was sufficient evidence of title in the patentee, without reference to the parol testimony. Error must be affirmatively shown, and none having been so shown by the record in this case, the judgment of the Circuit Court must be affirmed, and the cause remitted, that such judgment may be executed.