## Samuel W. Young and others v. John Stephens and others.

Where a bond other than for the payment of money is sued upon, and the plaintiff assigns a breach as the statute requires, his recovery depending upon the breach the burden of proving it rests upon him, though it may involve the proving of a negative. Per CHRISTIANCY J.; CAMPBELL J. concurring, and MANNING J. dissenting.

But the same clear proof is not necessary in such case as where proof of an affirmative is required.

Where, therefore, suit was brought upon a bond, conditioned that one of the obligees should, within thirty days, apply for an assignment of all his property, and for his discharge, as provided by Chap. 148 of R. S. of 1846, and diligently prosecute the same until he obtained such discharge, and the plaintiffs gave in evidence a petition for such discharge, presented on the thirtieth day, but so defective as not to confer jurisdiction upon the officer to proceed thereon, and also gave in

evidence an order made by the officer upon such petition, requiring the creditors to appear; it was *held*, that this application and order raised a presumption that no proper application was made within the prescribed time, and were suf-. ficient evidence of a breach until overcome by proof of some valid proceeding.

A petition for a discharge under said statute, which only professes to set forth in the schedule such property as is not exempt from execution; and the affidavit verifying which omits the clause required by the statute to be contained therein, "that I have in no instance created or acknowledged a debt for a greater sum than I honestly owed," is so defective as to give the officer to whom it is presented no jurisdiction to proceed thereon.

It is the duty of a party objecting to evidence, to state the true ground of his objection; and if he neglects to do so, and the grounds stated by him are untenable, the judgment should not be reversed on a new objection for the first time taken in a court of review, if it is one that might have been obviated on the. trial if there taken. Per Manning J.

An objection to papers as incompetent or irrelevant, does not assail their genuine. ness, but impliedly admits it. Per Manning J.

*Heard November 21st, 1861. Decided January 20th.*

Error to Kent Circuit. The case is sufficiently stated in the opinion.

*L. T. Griffin* and *T. B. Church*, for plaintiffs in . error.

*A. B. Maynard* and *James Miller*, for defendants in error.

Christiancy J.:

Young, one of the defendants below, had been arrested under the act for the punishment of fraudulent debtors, and on the twelfth day of May, 1860, gave his bond to the plaintiffs below (judgment creditors) with the other· defendants as his sureties, under the provisions of subdivision three of section ten of the act, conditioned that he would within thirty days from and after the said twelfth day of May, apply for an assignment of all his property, and for a discharge as provided in the one hundred and forty-third chapter of the Revised Statutes of 1846 (*Comp. L. Ch.* 168) and diligently prosecute the same until he should obtain such discharge.

The present suit was brought upon this bond: the declaration assigning as a breach that he did not, within the thirty days, apply for such assignment and diligently prosecute the same, until, &c., but wholly failed, &c.

Defendants pleaded the general issue (which denies every fact necessary to enable the plaintiffs to recover. See *Kinnie v. Owen*, 1 *Mich.* 249). On the trial, the plaintiffs proved the bond, the judgment upon which their proceedings before the commissioner, under the act for the punishment of fraudulent debtors, were founded; and then, to prove the breach of the bond, offered in evidence "the record or register kept by E. Smith, Jr., Circuit Court Commissioner for Kent county" (containing the proceedings on the application or petition of Young for an assignment and discharge) "and the petition, affidavit, and exhibits and order referred to in said entry," copies of all which are set forth in the bill of exceptions.

The petition is dated June 11th, 1860, addressed to the Circuit Court Commissioner for Kent county, sets forth the arrest under the act for the punishment of fraudulent debtors, his discharge from arrest on the execution of the bond, and then proceeds in the following words: "And now, therefore, comes the undersigned, and prays that his estate may be assigned for the benefit of his creditors, and his person hereafter be exempt from arrest or imprisonment," &c.; then refers to schedule A (attached) as a true account of all his creditors, and to schedule B as "a true inventory of all his estate, both real and personal, at law and in equity, and of the condition thereof so far as the same consists of property not exempt from execution by the laws of the State aforesaid." The affidavit by which the petition is verified seems to have been drawn with reference to that required by section seven, chapter 142 of the Revised Statutes of 1846, (*Comp. L.* § 5413), but does not conform to that required by the one hundred and forty-third chapter, section two (*Comp. L.* § 5438), under which these proceedings were or ought to have been had, as it omits the clause with reference to the residence of the creditors, that relating to the evidences of title of the estate inventoried, and the entire

clause which the statute requires to be in the following words: " and that I have, in no instance, created or acknowledged a debt for a greater sum than I honestly owed."

The order of the Commissioner recites the reading and filing of the petition, its verification, &c., and orders all creditors to show cause before him on [the 31st day of July, why the prayer of the petition should not be granted, and prescribes the mode and time of giving notice.

The record of the proceedings before the Commissioner, after reciting the presentation of the petition, and its object, the issuing of the order to show cause, the notice to be given, &c., then states the appearance of Young, and that of Stephens & Field, who appeared specially, and objected to the petition and its verification, and a motion by them to dismiss for want of jurisdiction; and after several adjournments, the granting of the motion and dismissal of the proceedings on the 12th of September, for want of jurisdiction.

To these matters of evidence thus offered, the defendants objected " on the ground that the same were irrelevant and incompetent as evidence on the part of the plaintiff."

It is evident, we think, from the language of the bill of exceptions, that the petition, the affidavit by which it was verified, and the order, had been duly authenticated as the originals, or admitted to be such, and that the entry in the record of the Circuit Court Commissioner was the original entry of the proceedings before him; and the form in which the objection is made does not indicate an objection to mere preliminary proof of genuineness and identity, but that, although original and genuine, they were not relevant or competent proof " on the part of the plaintiffs" of the fact they were intended to establish, viz: the breach of the condition of the bond; and this is the main and only material question in the case.

The plaintiffs having alleged a breach, as by the statute they were bound to do, and their right of recovery

depending upon that fact, the burden of proving the breach rested upon them, though it involved, both in form and substance, the proof of a negative. But the same full and clear proof of such negative fact is neither necessary, nor, in general, attainable, as where proof of an affirmative is required. And it frequently, if not generally happens that such negative fact can only be established by proving some affirmative fact or state of facts, inconsistent with the affirmative of the proposition to be negatived, and which, therefore, raises a presumption that the negative is true.

And in the present case any proof which would raise a fair and reasonable presumption of the non-performance of the condition, would be sufficient till overcome by some evidence tending to show performance; the latter fact, being an affirmative, and necessarily within the knowledge of the principal defendant, Young, must be presumed to be easily shown by the defense, if true.

The plaintiffs sought to raise this presumption of non-performance, by showing a petition for an assignment and discharge, and proceedings under it, which, though claimed and intended by Young as a compliance with the condition of the bond and the statute, were yet no compliance in fact, but void for want of jurisdiction; and that this petition was presented and these proceedings had at a time and under circumstances which raised a presumption that he had made no other application, or taken any other proceeding for the same purpose within the time allowed by the law and the condition of the bond.

Whether the record of the proceedings had before and kept by the Commissioner was competent evidence, is a question of some difficulty, under the peculiar provisions of the statute, though for myself, I am inclined to think it was: but I waive this point as entirely unnecessary to the decision of the cause. This record, or the proof of the facts stated in it, could only be necessary to show the

degree or the want of diligence with which the application had been prosecuted, and this question of diligence could only arise under a proceeding properly commenced within the prescribed time. The original petition, the affidavit by which it was verified, and the order of the Commissioner made for carrying the petition into effect, were clearly admissible. The petition refers to the bond, and demonstrates upon its face that it was presented and intended as the basis of proceedings to be taken in performance of the condition of the bond. It is dated, and the order of the Commissioner shows it was presented, on the last day of the thirty days allowed by the condition (the bond being dated the twelfth of May and the petition the eleventh of June).

It is extremely improbable that any other *proper* proceeding had been previously instituted, either completed or still pending: had there been such there could have been no necessity for the present petition. If any subsequent proceeding was instituted, it must have been on the same day, or it would have been of no avail; and this is quite as improbable as the idea of any previous proceeding. The petition, its presentation, and the order of the Commissioner, without the record of the other proceedings, raise a very strong presumption that no other proper application for an assignment and discharge was made within the prescribed time.

If, therefore, the petition, or the affidavit by which it was verified, was so defective as not to give jurisdiction to the Commissioner, the evidence of the breach of the bond was sufficient and conclusive, until overcome by proof of some other valid proceeding, within the prescribed time, for the same purpose; and it is wholly immaterial what may have been the subsequent proceedings, or the decision of the Commissioner.

We think the petition, in the mode in which it was verified, was insufficient to give the Commissioner jurisdic-

9 MICH.—2H

tion. To say nothing of the fact that the petition professes to set forth in the schedule only such property as was not exempt from execution — which was clearly erroneous, as the Commissioner is to judge what is exempt—the affidavit is not, as already shown, a compliance with that required by the express words of the statute (§ 2, *Ch.* 143, *R. S. of* 1846; *Comp. L.* § 5438). And when the statute requires the affidavit to contain certain specified particulars, and gives the form, the Court can recognize no affidavit for the purpose in which any of such particulars are omitted : especially when, as in this case, the right sought to be secured by the proceeding rests exclusively upon the statute.

It is unnecessary to consider the other errors assigned, as no finding which the judge could have properly made would have altered the result, or prevented a recovery by the plaintiffs below.

The judgment of the court below must be affirmed, with costs.

CAMPBELL J. concurred.

MANNING J. :

The bill of exceptions states that, on the trial, the defendants in error, who were plaintiffs in the court below, " offered in evidence an entry record or registry, kept by E. Smith, Jr., Circuit Court Commissioner for the county of Kent, and the petition, affidavits and exhibits, and order referred to in said entry;" all of which were received in evidence, and are set forth in the bill of exceptions. Then follows : " To the introduction of which several matters as evidence on the part of the plaintiffs, the counsel for the defendants objected, on the ground that the same were irrelevant to the issue, and incompetent as evidence on the part of the plaintiffs; which objection was overruled by the Court, and the counsel for the defendants excepted."

The objection, it is to be noticed, is not that the entries in the register of the Commissioner were not the minutes

kept by the Commissioner of the proceedings had before him on the application of the defendant Young, or that the papers referred to in said minutes and read in evidence were not the originals acted on, and orders made by the Commissioner, in the proceedings instituted before him. No such objection was made. Had it been, the plaintiffs might have called on the Commissioner to prove the correctness of the minutes, and the authenticity of the papers mentioned therein and offered as evidence. The objection made was that the same were irrelevant to the issue, and incompetent as evidence on the part of the plaintiffs. Neither irrelevancy nor incompetency assails the genuineness of the papers, but impliedly admit it, as a plea of payment admits the genuineness of a promissory note. Irrelevancy says: admit these papers to be all you claim for them, they have nothing to do with the issue to be tried. This is my objection. Incompetency, as here used — incompetent as evidence *on the part of the plaintiffs*, says, I do not deny the genuineness of the papers; nor do I assert that they can not be used as evidence in this cause. But you, Mr. Plaintiff, can not use them: if made evidence at all, it must be by defendant, and not by you.

If the evidence objected to was necessary to sustain the judgment—which it is not, in my opinion—I should still be opposed to reversing the judgment and granting a new trial. It is the duty of a party objecting to evidence to state the true ground of his objection; and if he neglects to do so, and the grounds stated by him are untenable, the judgment should not be reversed on a new objection for the first time taken in this Court, if it is one that might have been obviated on the trial, had it there been taken. Any other rule would be a snare in the hands of designing counsel, to entrap both Court and the opposite counsel, by raising false issues to call their attention off from the only point on which the objection could be sustained.

But the evidence in question is of no importance to

plaintiffs' case, which was made out by them when they had proved the bond and their judgment against Young. The bond acknowledges a present indebtedness to the plaintiffs, to be cancelled on the performance of a condition subsequent by one of the defendants. To get rid of their bond, they must show a performance of the condition. The onus of proving a performance was with them: it was not for the plaintiffs to prove a non-performance. This is clear, both on principle and authority. A different doctrine would confound all distinction between conditions subsequent and conditions precedent:— *Gray v. Gardner,* 17 *Mass.* 188; *Perkins v. Rogers,* 20 *Conn.* 81; *Scott v. Hull,* 8 *Conn.* 296; *Nicholas v. Fletcher,* 1 *Wash.* 330; *Hays v. Lusk,* 2 *Rawle,* 24.

As the evidence is before us, although introduced by the plaintiffs, the defendants may avail themselves of it if it shows a performance of the condition of the bond, which it does not. The petition of Young is clearly defective, in not being verified by the oath required by the statute (*Comp. L.* § 5438), and the inventory accompanying it is also defective in several particulars. The Commissioner was right in dismissing the proceedings as he did, on the 17th September, 1860.

The judgment of the Circuit Court should be affirmed, with costs.

MARTIN CH. J. concurred in the result.

*Judgment affirmed.*