## William S. Maynard v. Ebenezer J. Penniman.

Suit against the maker and endorser of a promissory note. Defendants pleaded separately, and the issue as to one was tried, and judgment rendered against him. On error, the record not showing that any objection was taken in the Court below to the trial of the separate issue, it was held that it must be presumed either that the action was severed by consent, or by the putting off of the trial as to himself by the other defendant.

Error will not be presumed: it must be made to appear affirmatively.

*Submitted on briefs October 16th, 1861. Decided May 6th.*

Error to Wayne Circuit.

Penniman brought suit against Maynard and one Hawkins, upon a promissory note made by Hawkins and endorsed by Maynard. The defendants pleaded severally. The record as transmitted to this Court shows only the issues in the case, and that the one on Maynard's plea was tried and judgment rendered against him.

*O. Hawkins*, for plaintiff in error.

*Holbrook & Bishop*, for defendant in error.

MARTIN CH. J.:

The objection that there was no disposition made of the issue as to Hawkins, and that the jury was · sworn only to try the issue as to the plaintiff in error, is not well taken.

The statute (§§ 4160, 4172) permits the holder of a bill of exchange or promissory note, instead of bringing separate suits against the makers, drawers, acceptors and endorsers of such bill or note, to include all or any of the parties in ⌐one action, and to proceed to judgment and execution as though all the defendants were joint contractors: it prescribes the mode of procedure, permits severance in pleading, allows the plaintiff to discontinue as to a portion of·the defendants, in proper cases, and to take judgment against the residue; allows co-defendants to be witnesses for or against each other in all cases where they

10 MICH.—K

might have been witnesses had suit been brought in the form heretofore used, and provides (§ 5170) that it shall not be necessary for the plaintiff to include in the same record a judgment against all the parties to such bill or note, but that judgment may be entered against any of the parties thereto whenever the plaintiff would be entitled to judgment if suit had been commenced against such parties only ; and that if the trial or hearing of such cause be put off by any of the parties to such bill or note, or if a default shall have been obtained against part of the defendants, the plaintiff may proceed to the trial or hearing against the other parties, in the same manner as if suit had been commenced against such other parties only; and the action shall thereby be severed. While the plaintiff may under this statute have a joint judgment, or may have several judgments, at his option, against the parties to the bill or note, in the event that all the defendants shall have plead issuably to the declaration, and in case part have pleaded and part made default, yet in the latter case, and in case a part of the defendants put off the trial as to themselves, the plaintiff may proceed to judgment as to the others, and thereby sever the action if he so elect. This is optional with himself. But when issue is joined as to all the defendants, and all are ready for trial, the plaintiff can not sever, but must proceed to trial against all, although he may move for judgment against only a portion of those liable to it.

In the case before us, issue was joined upon the pleas of both Maynard and Hawkins, and the Court should have proceeded upon these issues as one unless some one of the statutory reasons existed for a severance of the action. Whether such reason did or did not exist we are not informed by the record. Upon this subject it is entirely silent : no objection appears to have been made in the Court below to the trial of the separate issue upon Maynard's plea, and no exception was taken to it. We can not presume error: it must be affirmatively made to

appear; and upon this record the presumption is that the action was severed either by consent of the plaintiff in error, or by the putting off the trial as to himself by Hawkins. Every intendment should be in favor of and sustain, rather than reverse, the judgment of a Court of general jurisdiction.

The judgment is affirmed, with costs.

The other Justices concurred.