HILL v. ROBBINS.

———◆———

HENRY N. HILL, *Plaintiff in error, vs.* HENRY S. ROBBINS, *Defendant in error.*

A bankrupt discharge will not be a bar to a suit upon a claim when a creditor's name has been omitted from the schedule of creditors and the list given to the messenger, where the creditor had no knowledge of the bankrupt proceedings, and it is not necessary that the omission should be shown to be fraudulent or intentional. But held further, that in this case the facts proved were of such a nature that fraud and intentional omission could have been found as a fact by the justice. There being no special finding, this court must hold that the justice found proved all the facts necessary to his judgment, there being some proof to justify such finding.

Objection to insufficiency of proof, that is to its degree or character, should be made when the proof is taken or offered, and if so made and urged before the justice, a court of review will not reverse a judgment when there is any proof to sustain it.

*Oakland Circuit, November,* 1870.

*Certiorari* from the judgment of a justice of the peace.

The declaration is on the common counts in asssumpsit.

Plea, general issue, with notice of set off, and that defendant had beeen discharged from his indebtedness by a decree in bankruptcy.

The only evidence offered by the plaintiff to prove his account was the deposition of the plaintiff taken before a justice in Ohio.

It was objected that the notice of taking the deposition was not sufficient, but its reception and reading is not made a point of error in the *certiorari* affidavit.

In the deposition the plaintiff states that he sold and delivered to the defendant, at different times, in the year 1868, pump cylinders, amounting in all to $202 40. They were sent to defendant as requested in written orders, dated respectively February 13th, February 24th, March 25th, March 28th, May 9th August 3d and September 19th, 1868. There were delivered before the 30th of May, all but $60 worth, which was delivered afer that date, on the two last orders.

The defendant sent drafts and made payments March 28th, $50, by draft; August 3d, by discount for defects or otherwise, $22 60; August 12th, by draft, $40, and December 1st, by draft, $25 00  By this statement there was due the plaintiff May 30th, 1868, $92 40. There were delivered after that, $60 worth, making due, as claimed by plaintiff, $152 40, on which there was paid in August and December, $65 00, and a discount of $22 60, leaving unpaid December 1st, 1868, $65 00 over and above the last payment made at that time. The written orders were not produced nor theiir absence accounted for, and defendant did not appear at the taking of the deposition. The defendant objecteed that the account was not sufficiently proved, because the original orders were not produced and proven or accounted for. The justice held the account to be sufficiently proved. The defendant then introduced, (as stated in the return, but a copy is not returned,) a certified copy of a decree of the District Court of the United States, for the Eastern Disitret of Michigan, In Bankruptcy, dated October 13, 1868, by which the defendant is de-

clared to be a bankrupt, and forever discharged from all debts and claims which by the bankrupt act are made payable against his estate, and which existed on the 30th day of May, 1868, the day on which his petition was filed.

In the plaintiff's deposition he states that he had no notice of the proceeding in bankruptcy, and had no knowledge of such proceedings until sometime in November, 1869, more than a year after the discharge was granted.

The plaintiff introduced duly authenticated copies of the schedules of defendant's creditors, which were attached to his petition, and in which plaintiff is not named as a creditor, nor is his claim or account in any way referred to—and also a copy of the warrant of the messenger and his return thereon, in which the plaintiff is not named in the list of creditors nor among the persons to be notified of the bankrupt proceedings. The schedule of creditors is not verified by the affidavit of the debtor or petitioner, seperately from the verification of the petition.

Upon these proofs the justice rendered judgment for the plaintiff for $64 80, the balance claimed due by the plaintiff, without interest.

*A. C. Baldwin*, for Plaintiff in Error.

*Oscar Wisner*, for Defendant in Error.

*By the Court*, MITCHELL, J.—The defendant brings the case into this Court by *certiorari* and in his affidavit assigns the following grounds or causes of error.

1st, That the justice erred in rendering judgment for any part of the account that accrued before May 30th, 1868.

2d, That he erred in holding that the omission of plaintiff in the schedule or list of creditors made the decree of discharge of no effect as against him.

3d, That he erred in holding that it was not necessary to prove that the omission was wilfull or fraudulent, and in not holding that such omission is, in law, presumed in good faith.

4th, That he erred in holding that the account that accrued after May 30th was not paid by the subsequent payments.

5th, And that he erred in rendering judgment upon the

proof in the deposition, the original orders not having been produced or accounted for.

The first three causes of error are essentially the same, and will be considered as one general proposition : That is, that the omission to name a creditor in the schedules and notices required by the bankrupt act and the rules governing bankrupt proceedings, does not prevent the discharge from being a bar to all previous claims, whether mentioned, or known or not, unless it is made to appear that the omission was fraudulent or intentional.

Bankrupt proceedings are in the nature of a suit wherein the debtor stands as the suitor, and is the plaintiff and his creditors are the defendants.

It is a most obvious principle that a party is not bound by a proceeding of which he has not had notice, either actual or constructive.

The bankrupt law requires the petitioner to make a full schedule of all his creditors, which is to be verified by his affidavit, and as required by the rules adopted to govern proceedings under the bankrupt law, the schedule should be so verified separately from the petition to which it is attached.

Under the law and rules the messenger is required to serve written or printed notice forthwith, either by mail or personally, on all creditors named in the schedule, at least ten days before the day fixed for proof of debts, &c. No provision is made for notice to any one unless named in the schedule. There is no provision for constructive notice to any one not so named.

It is obvious that a creditor not named ought not to be bound by a discharge of which he is entitled to notice, and where no attempt has been made to give him notice. He has had no day in court, no opportunity to prove his claim or to have any voice in naming an assignee, and no share of the proceeds of the bankrupt estate. In this respect, I think the present law materially different from the law of 1842, under which the requirements for the schedule and of notice to creditors were not required to be as strict or precise as required by the present law.

It is held that the justice did not err in deciding that the bankrupt discharge was not a bar to so much of plaintiff's claim

as arose before May 30th, 1868. In regard to the first three points there was no error.

It is not essential that the omission to name a creditor should be intentional. But in this case there was proof from which the justice could well infer that the defendant at the time of making his petition and schedule knew of the plaintiff's claim, and that the omission to name him among his creditors was not casual or accidental. The account commenced February 13th, and an order was given as late as May 18th, only 12 days before filing the petition, and defendant sent money on the account, March 20th. It is hardly reasonable to suppose that so recent a matter was forgotten or accidentally overlooked. But to make it still more unreasonable, the defendant continued to deal with the plaintiff after filing his petition the same as before, as if no bankruptcy proceedings were pending, and gave the plaintiff no intimation that he claimed to be discharged from that part of the account arising before May 30th.

Whether the omission to name the plaintiff in the schedule of creditors was casual and by mistake, or was fraudulent and intentional, was a question of fact for the justice, and there being evidence from which he might find that it was fraudulent and intentional, this Court will not review his finding in that respect.— ' Error will not be presumed, but must be made to appear affirmatively." *Comstock vs. Hollon,* 2 *Mich.,* 355 ; 3 *Mich.* 195 ; 4 *Mich.,* 495 ; 5 *Mich.,* 33 ; 7 *Mich.,* 423 : 10 *Mich.,* 153 ; 11 *Mich.,* 181, 327 ; 13 *Mich.,* 239.

" In support of a judgment the evidence will be presumed to have been sufficient." *Farmers' & Mech. B'k. vs. Troy City B'k.* 1 *Doug.,* 457.

The fourth point of error it is not necessary to discuss.

If I am correct in the above rulings, it is immaterial to what part of the account the payments were applied.

The remaining question is whether the account was sufficiently proved, it being stated by the plaintiff in his deposition that he had sold the defendant some stone-ware cylinders in 1868, giving items amounting in all to $202 40, and that he sold them for the reason that the defendant wrote him ordering them ; the written

orders not having been produced nor their absence accounted for.

It is proper to say that this point was not urged or discussed before this Court, it having been stated that the plaintiff in error relied upon the other assigned errors. No such objection seems to have been made before or brought to the notice of the justice. It is not mentioned in the return. Any objection to the deposition or to the sufficiency of the proof should have been made at the time when the deposition was taken, or at least when 'offered in evidence, so that the party taking it might have an opportunity to supply the defect, and the defect or point of objection should have been pointed out at that time. The testimony having been taken and received; and the cause submitted without this objection having been made, it is too late to raise or urge it in this Court, and it must be treated as waived. The party objecting should state the true ground of objection, and if that is untenable, the judgment should not be reversed on a new objection for the first time taken in in a court of review, if it is one that might have been obviated on the trial. *Young vs. Stephens,* 9 *Mich.,* 500.

The deposition in this case was objected to for want of proper notice and for no other reason, and the overruling of that objection is not assigned as error. I think the evidence of the sale and delivery as stated in the deposition in connection with the proof of payments and of the other facts operative in the case was enough to make a *prima facie* case, and to put the defendant to his proofs, and warranted the judgment rendered by the justice.

There is not such a lack of proof as authorizes this Court to reverse the judgment, and it must be affirmed

See *Berry vs. Lowe,* 10 *Mich.,* 9; 3 *Mich.,* 612; 8 *Mich.,* 424; 11 *Mich.,* 353; 12 *Mich.,* 41.

Judgment affirmed with costs.