## Elias H. Rawson v. Archibald Finlay.

*Practice in circuit court: Pleadings: Questions of title to land: Evidence.* Where an action of trespass commenced before a justice of the peace, has been certified to the circuit under the statute (*Comp. L. 1871*, § 5330), for the reason that it appeared from plaintiff's evidence that a question of title to land was involved, the fact that the defendant had failed to give notice with his plea, that title would come in question, does not, on the trial in the circuit, operate as an admission of the plaintiff's title, so as to exclude evidence of title in defendant; the case stands in the circuit subject to the same rules of proof and disproof as though it had been originally commenced there.

*Pleadings: General issue: Evidence: Possessory right.* Our statutory general issue, like the plea of not guilty, is a denial of all the material allegations in the declaration, and is sufficient to enable the defendant to contest all such allegations and to put the plaintiff upon the proof of all or any of them; and under it a freehold or mere possessory right in the defendant may be given in evidence.

*Heard May 6.     Decided May 13.*

Error to Kalamazoo Circuit.

*O. T. Tuthill* and *Arthur Brown*, for plaintiff in error.

*Hawes & Edson*, for defendant in error.

GRAVES, J.

Finlay sued Rawson before a justice of the peace, in trespass, and declared against him for a tortious entry upon certain of his premises described in the declaration, and for taking and carrying away therefrom a parcel of lumber belonging to him. Rawson pleaded the general issue, and gave notice that he should give in evidence that he found the lumber, and requested Finlay to take it away if it belonged to him. No other pleadings were put in. The parties proceeded to trial before the justice, and Finlay gave evidence tending to show that he was the owner of the premises claimed to have been trespassed upon. But Rawson not admitting Finlay's ownership, the justice certified the cause to the circuit court, pursuant to the statute. —*Comp. L.*, § *5330.* The cause coming on to be heard in the latter court, Finlay gave evidence tending to show that he drew the lumber in question on the land in controversy, in order to build a house, and that Rawson removed the lumber therefrom to his barn-yard on an adjacent parcel. Finlay gave no other evidence upon the question of title or possession.

Rawson then offered to show, among other things, an exclusive and adverse possession in himself for twenty years, and that he was the owner, and that Finlay had never been in possession. The court, upon objection, excluded the evidence and ruled that Rawson, having failed to give notice that title would come in question, thereby admitted title in Finlay, and the jury were instructed that if they found that Rawson entered upon the premises and carried therefrom Finlay's lumber, they should give him a verdict for the value of it. They accordingly returned a verdict in his favor for twenty-nine dollars.

We think the court erred in the view taken of the case, and of the statute. The regulations restricting the defense in special cases originating in justice's courts were not applicable to this cause. When the action went to the

circuit court it was because the subject of title which Finlay found it needful to go into to maintain his case could not be tried by the justice, and the very object of the law in consigning the litigation upon such contingency to the tribunal having power to investigate and determine that snbject, was to afford opportunity to settle in the latter, under the issue which had been joined, the identical question which had been raised, but could not be tried in the justice's court for lack of power.

The provision would be made nearly, if not quite, meaningless by a construction which would exclude a trial in the circuit court of the question raised by the plaintiff under the issue, and on account of which alone a transfer became imperative.    When the cause was removed by reason of the attitude of the plaintiff, and as a consequence of his putting the title in question on his side, it stood in the circuit court, subject to the same rules of proof and disproof as though it had been originally commenced there. Finlay was bound to make out his case by evidence, and Rawson was at liberty to give evidence in defense according to the nature of the issue.    It was therefore incumbent upon Finlay to show either an actual possession, or, if the premises were vacant, a legal title with the right of immediate possession, or other facts showing constructive possession; and these facts Rawson was at liberty to controvert by evidence in denial, or by evidence of his own possession, or, if the premises were vacant, by evidence of title and right of possession in himself.

There are, indeed, numerous defenses which have been decided to amount to admissions of the acts of trespass imputed to the defendant and of the possession of the plaintiff, and this, according to the familiar rule of pleading, that all material allegations not denied are admitted; and in all cases within the reason of the rule, the defense would only be admissible when pleaded specially, or, according to our practice, when properly indicated by a special notice. But the plea of not guilty, which has never been considered

more comprehensive than our statutory general issue, is construed as a denial of all the material allegations in the declaration, and as sufficient to enable the defendant to contest all such allegations in evidence, and to put the plaintiff upon the proof of all or any of them, and under it a freehold or mere possessory right in the defendant may be given in evidence.—*Gould's Plead.*, § *8, ch. 6, pt. 1; §§ 91, 92, 93, ch. 6, pt. 2; 2 Greenleaf's Ev.*, § *625; Cooley v. O'Connor, 12 Wall., 391, and authorities cited.* See also *Kinnie v. Owen, 1 Mich., 249; Young v. Stephens, 9 Mich., 500; Edwards v. Chandler, 14 Mich., 471.*

I think the questions of title and possession were open to contest in the circuit court under the issue as it stood.

The judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.