## Morris Osburn v. James Lovell.

*Trespass to lands: Cutting timber: Treble damages: Evidence: Plea: General issue.* In an action for trespass to lands and the cutting of timber, in which the plaintiff claims to recover treble damages under the statute (*Comp. L. 1871, §§ 6370-1*), the defendant is entitled under the plea of the general issue to give evidence that the trespass was involuntary and made under a *bona fide* claim of right, and is not required to give notice with his plea of his intention to introduce such evidence.

*Statutory exceptions: Pleadings: Evidence.* The rule that where one relies upon a statutory exception not contained in the enacting clause of the statute, he must by his pleadings bring himself within the exception, is not always a rule of pleading, but is sometimes a rule of evidence only; and it goes no further in any case than to require the party relying upon the exception to present the facts in such form as the case requires.

*Evidence: Mitigation of damages: Pleading.* Whatever in an action of tort would go in mitigation of damages may be given in evidence under the general issue.

*Trespass: Declaration: Treble damages: Application of verdict.* Under a declaration containing a count for a common-law trespass and a count for the statutory trespass, where a general verdict of guilty is returned, it is not competent for the court to apply the verdict to the count under the statute and proceed to render judgment for treble the damages returned.

*Heard April 5. Decided April 17.*

Error to Gratiot Circuit.

*E. Gould* and *Gaylord & Hanchett*, for plaintiff in error:

Notice was not necessary to authorize the testimony offered to show that the trespass was casual and involuntary, and that defendant had probable cause to believe the land was his own. The statutory trespass which authorizes treble damages involves willful, wanton or evil intent, and the simple act of cutting timber on another's land, without reference to the intent, does not present a case for imposing the penalty of trebling the actual damage done: *Wallace v. Finch, 24 Mich., 255; Russell v. Myers, 32 Mich., 522.* The establishing that the trespass was committed with such bad faith or blame as entitled the plaintiff to treble damages, was a part of his case, and the only plea required to deny that bad faith or blame and to put it in issue and authorize evidence to meet it, is the plea of the general issue: *Rawson v. Finlay, 27 Mich., 268; Kinnie v. Owen, 1 Mich., 249; Edwards v. Chandler, 14 Mich., 471; Wilson v. Wagar, 26 Mich., 452; Ingalls v. Eaton, 25 Mich., 32.* The testimony offered was testimony in mitigation of the damages claimed, and was proper for that purpose under the plea of the general issue, without notice: *Delevan v. Bates, 1 Mich., 97; Huson v. Dale, 19 Mich., 17.* There was no finding of facts to authorize the judgment for treble damages. The jury were authorized to find their general verdict under either count, and the judge could not say that they found it under one rather than the other. He could render no judgment except for the damages assessed by the jury: *Brooks v. Dalrymple, 1 Mich., 145; Russell v. Myers, 32 Mich., 522.*

*Mitchel & Pratt*, for defendant in error, argued that if a defendant has a cause of justification or excuse, he must plead it specially, and cannot give it in evidence under the general issue, and that the reason of this rule is, that it is necessary in order to prevent surprise and to enable parties to go to trial on equal terms: *1 Waterman · Tresp., 81-3; Chitty Pl., 491-3-7; Vanderkarr v. Thompson, 19 Mich., 87; Denwick v. Chapman, 11 Johns., 132; Babcock v. Lamb, 1 Cow., 238; Saunders v. Wilson, 15 Wend., 338; Van Buskirk v. Irving, 7 Cow., 35; Hall v. Fearnly, 3 Gale & D., 10; Walker v. Hitchcock, 19 Vt., 634; Austin v. Norris, 11 Vt., 38; Pearcy v. Walter, 6 C. & P., 232; Fuller v. Rounceville, 9 Fost., 554; 3 Starkie Ev., 1462; Grouver v. Daniel, 7 Blackf., 108;* that no more is provable now under the general issue than was before the statute abolished special pleas, but that what was before required to be specially pleaded, must now be set out in a notice attached to the plea; that in trespass on lands the general issue puts in

issue the facts necessary to constitute the trespass, and under it the defendant may show title or possession in himself or those under whom he claims; but that when the act appears to be *prima facie* a trespass, any matter of justification or excuse must be pleaded or notice given of it: *Babcock v. Lamb*, 1 Cow., 238, and cases; *Bruch v. Carter*, 32 N. J. Law, 554; *Stow v. Scribner*, 6 N. H., 24; *Bradley v. Flewitt*, 6 Rich., 69; that the defendant may give in evidence under the general issue any matter that contradicts the allegations which the plaintiff is bound to prove, or shows that the act complained of is not in its own nature a trespass, for he cannot be a trespasser in exercising a right which the law gave him, nor be bound to justify when he does not *prima facie* appear to be a trespasser: *Rawson v. Morse*, 4 Rich., 127; *Johnson v. Howson*, 2 M. & R., 226; *Murray v. Webster*, 5 N. H., 391; *Hetfield v. Cent. R. R. Co.*, 6 Dutch., 571; *West v. Blake*, 4 Blackf., 234; that the statute in question indicates clearly that the exceptions specified, of casual and involuntary trespasses, are matters of defense purely; that in declaring on a statute, where there is an exception in the enacting clause, the pleader must negative the exception, but an exemption in a proviso to the enacting clause or in a subsequent section of the act is matter of defense and must be shown by the defendant: *Myers v. Carr*, 12 Mich., 63, and cases; *Lynch v. People*, 16 Mich., 472; *Tell v. Fonda*, 4 Johns., 304; *Spieres v. Parker*, 1 Term, 141. On the point as to the application of the verdict to the statutory count, it is urged that the whole fight was on that count and the only proof in the case tended to support it; that all the exculpatory proof was excluded within the hearing of the jury, and the jury, as well as the court and the counsel, fully understood where the issue and real contest was; that it being apparent from the whole case that everything had reference to the statutory count, the inadvertence in not withdrawing the common-law count was not error; and that the action of the court in this regard was not prejudicial to the defendant if the other rulings were correct, for his very conduct on the trial was virtually a concession that plaintiff was entitled to treble the damages unless he could prevail upon the court to admit the testimony upon which error is here assigned.

COOLEY, CH. J:

The principal error relied upon in this case is, that the court, in an action for trespass to lands and the cutting of

timber, in which the plaintiff claimed to recover treble damages under the statute, refused to receive the evidence offered by the defendant to show that the trespass was involuntary, and made under a *bona fide* claim of right. The ruling was based upon the neglect of the defendant to give notice under his plea of the general issue of his intention to introduce such evidence.

The statutory provisions bearing on the case are *sections 6370 and 6371 of the Compiled Laws,* which read as follows:

"§ *6370.* Every person who shall cut down or carry off any wood, underwood, trees or timber, or shall girdle or otherwise despoil or injure any trees on the land of any other person, without the leave of the owner thereof, or on the lands or commons of any city, township, village or other corporation, without license therefor given, shall be liable to the owner of such land, or to such corporation, in three times the amount of damages which shall be assessed therefor in an action of trespass, by a jury, or by a justice of the peace in the cases provided by law."

"§ *6371.* If upon trial of any such action it shall appear that the trespass was casual and involuntary, or that the defendant had probable cause to believe that the land on which such trespass was committed was his own, or that such wood, trees or timber were taken for the purpose of making or repairing any public road or bridge, judgment shall be given to recover only the single damages assessed."

The view taken by the plaintiff of this statute, and which seems to have been accepted by the court below, is this: that it makes the destruction of timber by a trespasser subject to a penalty of treble damages, but with a special exception of those cases in which the trespass was casual and involuntary or for road purposes. The rule of pleading is then referred to, that where one relies upon a statutory exception, not contained in the enacting clause of the statute, he must by his pleadings bring himself within

the exception.—*Attorney General v. Oakland Co. Bank,. Wal. Ch., 90; Myers v. Carr, 12 Mich., 63; Lynch v. People, 16 Mich., 472.* But this is not always a rule of pleading; it is sometimes a rule of evidence only: it goes no further in any case than to require the party relying upon the exception to present the facts in such form as the case requires; and this may or may not be by special pleadings. The rule was treated as one of evidence merely, in *Myers v. Carr, supra.* Whether special pleadings are necessary, must be determined by other considerations and by the general rules of pleading.

The general issue at the common law puts in issue every thing necessary to be shown by the plaintiff to make out his case; but if the defendant in trespass relies upon justification or excuse, he must plead it specially.—*Gould Pl., ch. VI., § 38–58.* Our statutory general issue is at least as broad as that at the common law.—*Kinnie v. Owen, 1 Mich., 249; Ingalls v. Eaton, 25 Mich., 32; Rawson v. Finlay, 27 Mich., 268.*

Now the defendant in this case relies upon neither a justification nor an excuse. If he cut the timber upon the plaintiff's land, it is admitted that the act is a trespass, neither justifiable nor excusable. All that is claimed by the defendant is, that the circumstances of the trespass were not such as to warrant imposing upon him penal consequences. It was held in *Delevan v. Bates, 1 Mich., 97,* that whatever in an action of tort would go in mitigation of damages might be given in evidence under the general issue; and in any view that can be taken of this case, the evidence offered by the defendant would have been receivable on that ground. But it is not without significance that the statute, when it permits a judgment for single damages only where it shall appear that the trespass was casual and involuntary, makes no allusion whatever to any special pleading or notice. The inference is forcible that none was meant to be required. It could certainly answer no impor-

tant purpose; for when the plaintiff sues for an aggravated trespass he must be supposed to come prepared to meet whatever would tend to show that it was not of that nature.

Another objection to this judgment is fatal. The declaration contained two counts: one for a trespass at the common law, and one for the statutory trespass. The jury returned a general verdict of guilty, upon which the judge proceeded to render judgment for three times the damages returned. Now, although the verdict established the fact of trespass, it found nothing more; and the finding could no more be applied to the one count than to the other. It cannot legally be known that the jury would have agreed on the count under the statute. The general finding is consistent with the fact that some of them may have agreed upon the aggravated trespass and some not. In any event, there was a trespass, which is all they have agreed upon.— See *Biggs v. Barry, 2 Curt. C. C., 259; Thayer v. Sherlock, 4 Mich., 173.* The verdict, therefore, only warranted a judgment for single damages.

The judgment must be reversed, with costs, and a new trial awarded.

The other Justices concurred.