INDEPENDENCE TOWNSHIP v THE STOLARUK CORPORATION

Docket Nos. 49097, 49098. Submitted June 23, 1980, at Detroit.—
Decided September 16, 1980.

Independence Township board of zoning appeals gave permission
to the Stolaruk Corporation to mine gravel in contravention of
a township zoning ordinance, conditioned on defendant's prom-
ise to conclude the mining and restore the property involved by
a certain date. The deadline was extended, and, when the
mining continued beyond the extension deadline, plaintiff
sought injunctive relief. A consent judgment against defendant
Stolaruk Corporation was entered, setting a new deadline, and
requiring defendants to post a bond to assure compliance.
Automatic forfeiture of the bond was to result upon defendant's
failure to comply with the judgment. The lower court again
extended the completion date and ordered the bond forfeited
and the proceeds paid over to plaintiff upon defendant's failure
to comply. Defendant Stolaruk Corporation did not complete its
operations by the date ordered, and plaintiff brought an action
against defendant Seaboard Surety Company, the issuer of the
bond, praying that it be ordered to pay over the amount of the
bond or to show cause why such amount should not be paid. By
stipulation, this action was consolidated with plaintiff's action
against defendant Stolaruk Corporation. Subsequently, an or-
der for defendants to show cause why the bond should not be
forfeited was issued. Following a hearing, Oakland Circuit
Court, Farrell E. Roberts, J., concluded as a matter of law that
defendants had not complied with the consent judgment and
ordered the bond forfeited. Defendants moved for a rehearing
and to set aside the order forfeiting the bond, which motion
was denied. Defendants appeal both orders. The separate ap-
peals were consolidated. Defendants allege that the trial court
erred in depriving them of an evidentiary hearing or a jury
trial on the issue of whether compliance with the consent
judgment had taken place. *Held:*

1. The lower court erred in ruling that defendants had not

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur 2d, Bonds § 41.

[2] 73 Am Jur 2d, Summary Judgment § 41 *et seq.*

[3] 47 Am Jur 2d, Judgments § 1080 *et seq.*

complied with the consent judgment as a matter of law. The burden of proof was on plaintiff that a breach of a condition resulting in liability on the bond had occurred. Since no evidence was entered at the hearing, the burden was not met.

2. Defendants were not entitled to a jury trial. Summary dispositions are proper in proceedings on bonds that are ancillary to other actions. Determination of compliance with the consent judgment was necessarily a matter for the trial court.

Reversed and remanded.

1. Bonds — Judgments — Breach — Burden of Proof — Court Rules.

Judgment of liability on a bond may be entered on motion and a showing that the condition has occurred giving rise to liability on the bond, and when liability is alleged due to the breach of a condition, the burden is on the party claiming liability to prove that the breach has occurred (GCR 1963, 525).

2. Bonds — Ancillary Proceedings — Summary Disposition — Court Rules.

Proceedings on bonds which are ancillary to other actions may be summarily disposed of, and a trial by jury is unnecessary (GCR 1963, 525, 763).

3. Judgments — Consent Judgments — Determination of Compliance.

Determination of compliance with a consent judgment is necessarily a matter for a trial court and not an issue to be presented to a jury.

*Yuille, Zeleznik, Plourde & Russell, P.C.,* for plaintiff.

*Donovan & Anderson, P.C.,* for defendants.

Before: J. H. Gillis, P.J., and V. J. Brennan and A. C. Miller,* JJ.

J. H. Gillis, P.J. Defendants appeal from an order of the lower court forfeiting the $20,000 bond that had been posted to assure compliance with a consent judgment. Defendants complain

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

that they were deprived of either an evidentiary hearing or jury trial on the issue of whether compliance had taken place.

In 1975, defendant The Stolaruk Corporation was given permission by plaintiff's board of zoning appeals to mine gravel in contravention of plaintiff's zoning ordinance. The permission was conditioned on Stolaruk's promise to conclude the mining and restore the property involved by the summer of 1978. On May 17, 1978, the deadline was extended, at Stolaruk's request, to December 1, 1978. When the mining continued beyond that date, plaintiff sought injunctive relief in the Oakland County Circuit Court. A consent judgment was entered into on February 16, 1979, providing that all work and restoration was to be completed by July 1, 1979, and that Stolaruk's failure to comply would result in automatic forfeiture of the $20,000 bond. On September 11, 1979, the circuit court entered a delayed order extending the completion date to September 7, 1979.

The lower court issued a show cause order on October 19, 1979, requiring defendants to demonstrate why the bond should not be forfeited. The order was not preceded by either a written motion or supportive affidavits. Although no evidence was introduced at the October 24, 1979, hearing, the lower court concluded "as a matter of law" that the consent judgment had not been complied with.[1]

---

[1] The entire transcript of the show cause hearing reads:

"*The Clerk:* Add 1, Independence Township versus Stolaruk, number 181655.

"*Mr. Zeleznik* [Attorney for plaintiff]: This is brought on before this Court as a motion to show cause why the bond as posted in the above-entitled two matters should not be forfeited. Upon discussion of these matters with the Court and with Counsel, I understand that the bond will be forfeited as prayed for.

"*Mr. Donovan* [Attorney for defendants]: My name is William Donovan appearing on behalf of Seaboard Insurance Company and The Stolaruk Corporation. In both cases, which have been consoli-

Plaintiff contends on appeal that photographs proving noncompliance were shown to the court in chambers and attaches those photos, as well as the affidavit of the photographer, to its brief. Because the materials were not made a part of the record below, we will not consider them with regard to this appeal. *Philips Industries, Inc v Smith,* 90 Mich App 237, 249-250; 282 NW2d 788 (1979).

Forfeiture of the bond was contingent on the resolution of a factual issue—whether Stolaruk had complied with the modified consent judgment by concluding operations by September 7, 1979. The lower court erred in ruling on the matter as a question of law. GCR 1963, 525 provides that judgment of liability on a bond may be entered "on motion and a showing that the condition has occurred giving rise to liability on the bond". Although the proceedings below consisted of a show cause hearing, the law requires that when liability on a bond is alleged due to the breach of a condition, the burden is on the party claiming liability to prove that the breach has occurred. *Young v Stephens,* 9 Mich 500, 503-504 (1862).

dated, I'd like the record to reflect that I have demanded a jury trial. It is our position it is a factual question as to whether or not the requirements of the order have been complied with and in addition to that, the township ordinance does not permit a complete forfeiture of bond. It permits a—Any forfeiture of the bond can only be used according to the ordinance 59 of the township for restoration purposes and the only order that's entered should provide that the bond is not forfeited, but that the bond funds may be used, or have to be used only for restoration purposes and that in [sic] the restoration is done, then the bond money, any bond money that's turned over is to be, is to be returned to Stolaruk Corporation and in the form of a refund. And that—But the primary thing I want on the record is that we should be entitled to our jury trial.

"*The Court:* Well, we already made a finding that as a matter of law it's obvious it had not been complied with and the order could read the bond is forfeited in accordance with the township ordinance covered it with respect to the use to be put to it, and then they charge—

"*Mr. Zeleznik:* I'll put that language in the order and bring it up this afternoon."

Since no evidence was entered at the hearing, it is plain that this burden has not been met and that reversal is mandated.

Defendants' contention that a jury trial is in order is without merit. Historically, the right to trial by jury is a fundamental one and is preserved by our state constitution. Const 1963, art 1, § 14. However, the court rules provide for more summary disposition in proceedings on bonds that are ancillary to other actions. GCR 1963, 525, 763. Determination of compliance with the consent judgment is necessarily a matter for the trial court and not an issue to be presented to a jury.

Reversed and remanded for further proceedings.