## Fulton Bank *vs.* Stafford.

THIS was an action of assumpsit, tried at the Kings circuit, in May, 1827, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The declaration was on two bills of exchange drawn by the defendant on Keeler and Rogers, a mercantile firm in the city of New-York, one for $1300, the other for $1500, payable to the order of Keeler and Mather, a firm in Albany, and endorsed by them; and on a promissory note for $3500, made by the defendant to Keeler and Mather, also endorsed by them. The defendant pleaded the general issue, to which was subjoined a general *notice of set-off*. On the trial of the cause, the plaintiffs called James G. Mather (one of the firm of Keeler and Mather) as a witness to prove (as they stated) the signatures of the parties to the bill of exchange and promissory note, and that only. He was sworn, and proved the same. Demand of payment of the bills of exchange, protest and notice were shewn.

*NEW-YORK, May, 1829.*

*Fulton Bank v. Stafford.*

A plaintiff who has called and had the benefit of the testimony of a witness cannot afterwards object to him on the ground of interest; and the witness having been sworn in chief, the opposite party may not only cross-examine him in relation to the point which he was called to prove, but may examine him as to any matter embraced in the issue.

Evidence of usury is admissible under the general issue in assumpsit, and the defendant is not restricted to the matter contained in his notice accompanying the plea. The notice does not preclude him from any defence which he could have made, if no notice had been given.

The counsel for the defendant then called James G. Math-
er, the witness who had been sworn on the part of the plain-
tiffs, and offered to prove by him that the bills of exchange
and note declared on were drawn and endorsed without con-
sideration for the accommodation of Keeler and Rogers, with
the knowledge and consent of all the parties. The plain-
tiffs objected to this testimony, on the ground that they were
*bona fide* holders as endorsees of the paper for valuable con-
sideration. The objection was overruled, and the witness
proved that the bills of exchange and note were *lent* by the
defendant for the accommodation of Keeler and Rogers.

The counsel for the defendant then offered to prove that
the bills of exchange and note were void in the hands of the
plaintiffs, on the ground of *usury.* This evidence was object-
ed to, because in the notice subjoined to the plea a different
defence was set up, and therefore the defendant was not at
liberty to vary from it. The objection was overruled.

Mather, the witness who had been sworn on the part of
the plaintiffs, was then called by the defendant to be examin-
ed by him. The plaintiffs objected to his examination, and
inquired of him as to his interest. He stated that he was a
dormant partner of the house of Keeler and Rogers, and that
that firm and the firm of Keeler and Mather were deeply in-
solvent ; that the two firms had made an assignment of their
property to the defendant in this cause and others, to secure
among other debts the bills and note in question ; that the
amount of the debts specially provided for by the assignment
is about $45,000, and that about $32,000 had been receiv-
ed under the assignment ; that the surplus, if any, under the
assignment, was to be paid to the assignors, of whom he was
one. The counsel of the plaintiffs thereupon objected to his
further testifying, on the ground of interest, contending that
the plaintiffs, by having called him to prove a single fact, had
not made him a witness in chief. The judge ruled other-
wise, and the defendant proceeded in the examination of the
witness.

It appeared in evidence that the bills of exchange and
note declared on had been discounted at the Fulton bank ;
that an excess of interest had been taken on the bill of $1300

of $1.23 ; on the bill of $1500, $1.46 ; and on the note of $6.11, on the principle of calculating 90 days as a quarter of a year. Some evidence in explanation was given, but the jury found a verdict for the defendant, which was now moved to be set aside.

*J. Hoyt*, for plaintiff.

*J. Lansing & A. Van Vechten*, for defendant.

*By the Court*, SUTHERLAND, J. The principal questions which arise in this case are, 1. Whether James G. Mather was properly admitted to testify on the behalf of the defendant ; 2. Whether the defence of usury was admissible under the pleadings ; 3. Whether the fact of usury was sufficiently established.

Mather was in the first place called as a witness on the part of the plaintiffs, and testified to the signatures of the different parties to the note and bills of exchange on which this action was brought. The defendant subsequently called him to prove that the note and bills of exchange were accommodation paper, given for the sole benefit of Keeler and Rogers, and known to have been so given by all the parties. He was then objected to by the counsel for the plaintiffs on the ground of interest. The objection was properly overruled. When a witness has been sworn in chief, the opposite party may not only cross-examine him in relation to the point which he was called to prove, but he may examine him as to any matter embraced in the issue. He may establish his defence by him without calling any other witnesses. If he is a *competent witness* to the jury for any purpose, he is so for all purposes ; and the party who originally called him and availed himself of his testimony, cannot subsequently object to him on the ground of interest any more than he can impeach his general character. He is estopped from denying his competency as well as his credibility. (1 *Esp. N. P. Cas.* 357. 4 *id.* 67. 1 *Phil. Ev.* 228, ch. 8, § 7. *Varick* v. *Jackson, in error, ante*, 166.) This precise point was ruled by Mr. Justice Abbott, in *Morgan* v. *Bridgen*, (2 *Starkie*, 314.) That was an action against the sheriff of Middlesex for the

NEW-YORK, May, 1829.

Fulton Bank v. Stafford.

NEW-YORK,
May, 1829.

Fulton Bank
v.
Stafford.

escape of a prisoner on mesne process. The plaintiff was under the necessity of calling the bailiff, who executed the writ in order to prove that the arrest was made under the authority of the defendant by virtue of his warrant. The defendant's counsel was then proceeding to cross-examine the witness, when it was objected to on the part of the plaintiff, on the ground that the suit was in fact against the witness, and the sheriff was but the nominal party. Abbott, J. said that it would be desirable that a sheriff's officer should not be examined in support of his own cause ; but since he had been called as a witness for the plaintiff, he was of opinion that he was to be considered as a witness for all purposes, and he was accordingly examined. Upon a rule to shew cause upon some other point in this case, the propriety of the decision upon this point was not questioned. (*Rex* v. *Kroehl and others,* 2 *Starkie,* 343.)

Evidence of usury was properly admitted. The plea was the general issue, with notice of set off. It is supposed by the counsel for the plaintiffs that the defendant was restricted to the matter contained in his note. In this he is mistaken. His notice did not preclude him from any defence which he had a right to make under the general issue, without notice. In assumpsit, the defendant under the general issue may give in evidence any thing which shews that the plaintiff, at the commencement of the suit, had not a good cause of action, or that nothing is due, as payment, a release, accord and satisfaction ; so he may avoid the contract by shewing that it was usurious, or founded on a gaming or other illegal consideration. (1 *Phil. Ev.* 131, 2, *and the cases there cited.*) In *Levy* v. *Gadsby,* (3 *Cranch,* 180,) it was held that if usury be specially pleaded, and the evidence offered upon such special plea be rejected as not admissible under the plea, it may notwithstanding be admitted under the general issue. The same point has been recently decided in this court in a case not reported. The defendant's notice does not preclude him from any defence which he could have made, if no notice had been given.

It is admitted that the judge properly instructed the jury as to the law upon the question of usury, and fairly submit-

ted it to them upon the evidence, as a question of fact. The fact that more than seven per cent. was taken, was abundantly shewn, and the explanation which was attempted to be given by the plaintiff of the transaction was merely conjectural and entirely unsatisfactory. The discount clerk who made the calculation of interest and received the discount, was not called by the plaintiffs, nor did it appear that any effort had been made by them to procure his attendance. It was proved that he was not, at the time of the trial, in the service of the plaintiffs, and one witness swore that he had not seen him for 6 months. He may, notwithstanding, have been in the city of New-York, and within reach of the process of the court. It is not a case in which we can, with propriety, set aside the verdict as against the weight of evidence.

There are some subordinate points, which I have not deemed it necessary to notice.

Motion for a new trial denied.