The opinion of the Court, delivered by
Elmer, J.
This cause came from the Circuit Court of the county of Monmouth, for the advisory opinion of this court; and was submitted at the last term, upon the briefs of counsel.
By the state of the case, if appears, the plaintiff declared upon a promissory note given to him by the defendant, dated March 24, 1837, for five hundred dollars, payable one year after date, with lawful interest; and also for wood and goods sold to defendants, and the common money counts. The defendants pleaded the general issue, and usury.
Upon the trial, the plaintiff proved the execution of the note declared on, gave the same in evidence and rested.
The defendant offered to prove by the subscribing witness to the note, “ that by the original contract between the parties, the defendants were to pay the plaintiff, seven per cent, interest upon the sum secured by the note; and that the plaintiff on the same day, after the execution of the note, told the witness, he (the plaintiff) was to receive seven per cent, interest on the note: and offered further to prove by another witness, that seven per cent, was actually paid for one year, by the defendants, to the plaintiff, and received by him ; and the plaintiff acknowledged at that time, the original contract was, that he was to have seven per cent, interest.”
This offering was objected to by the plaintiff, the objection sustained by the court, and the evidence rejected, “ except so much thereof as related to the payment of interest, which was admitted, for the purpose of showing a payment made on the *326 note, but not for the purpose of showing usury in the note. The jury were directed by the court, “ to give credit for the whole amount paid, as a general credit upon the note, and render their verdict for the balance of the note with interest; ” the jury rendered a verdict accordingly.
The case states, the court overruled the evidence offered by the defendants, and “ all parol evidence in relation to any contract, for paying seven per cent, interest, because it would v&rtf the written contract entered into between the parties, which was the note itself.” Was the court right in rejecting the evidence for the purpose offered ? This is the only question in the cause. Can usury ever be proved except by parol testimony? Parties are careful, so to draw their usurious contracts, that the usurious agreement may not appear on the face of them.
Parol evidence is in general, admissible for the purpose of .showing that an instrument is void, on the ground of some illegality committed by the parties, as that it is void for usury, or because it is given to secure a gaming debt, or founded upon some illegal consideration. Btarkie’s evidence part 4, 1018. •
The case of Fussil and others Ex’rs. v. Brookes and others, 12 English Com. Law Rep. 145, was debt on bond, and parol testimony was admitted in an attempt to prove the bond void for usury. Said evidence was also admitted- in the following cases, 9 Cowen, 65; 10 Wend. 114; 7 Cowen, 717; 2 Wend. 483; 5 Ib. 595; 13 Ib. 505; 3 Halst. 233.
By the statute Elm. Dig. 261, no person shall upon any contract, take directly or indirectly for loan of any money, wares, merchandise, goods or chattels, above the value of six dollars, for the forbearance of one hundred dollars, for one year, and after that rate, for a greater or less sum, or for a longer or shorter time, and all notes, bonds, contracts &c. which shall be made for the payment of any money lent, on which a higher interest is reserved or taken, shall be utterly void.
Usury is commonly considered an unconscionable defence, and the leaning of courts and juries is against it; yet it is a legal defence, and if proved, courts and juries are bound to sustain it.
An agreement to pay more than legal interest for money loaned, on note, such agreement being made at the time of the *327 loan, is usurious, and renders the note void, though the note on its face be for the mere amount lent, with legal interest only. 9 Cowen Rep. 65, Merrills v. Law.
The payment and receipt of usurious interest, is prima fade, evidence of an usurious contract. 1 Saund Rep. 295, b; 2 Cowen Rep. 678.
A contract to take, for a loan of money, more than legal interest, though no illegal interest is actually taken upon it, is usurious. 3 Halst. 233, Clark v. Badgley.
I am of opinion the parol evidence offered by the defendants to show the original agreement of the parties, made at the time the note was given, by which the defendants were to pay, and the plaintiff to receive, seven per cent, interest upon the note; and also the evidence offered to prove the payment by defendants, of seven per cent, interest, and the receipt thereof by the plaintifij upon the note; for the purpose of showing usury, should have been received for the consideration of the jury; and the court erred in overruling the same. The verdict must therefore bo set aside, and a new trial awarded, but without costs. And that the Circuit Court be advised accordingly.
The court being asked simply to declare their opinion upon the admissibility of the evidence offered by the defendants, it is not advisable to determine upon the effect of the evidence offered, in case the defendants shall, on a new trial, fully redeem their offer.

A new trial advised.

Cited in Cummins v. Wire, 2 Hal. Ch. 82.