67    431
s35NW  66
d132   629

ROBERT S. RAWLINGS v. HENRY COLE AND CHARLES COLE.

*Bills and notes—Surety—Extension of time—Pleading—General issue.*

In a suit against two *joint* makers of a promissory note, evidence that *one* signed as a *surety*, and of an agreement to the maker with the *other* for an extension of the time of payment, without the consent of the surety, is inadmissible under the general issue.[1]

Error to St. Clair. (Stevens, J.` Argued October 6, 1887. Decided November 3, 1887.

Assumpsit. Defendant Charles Cole brings error. Affirmed. The facts are stated in the opinion.

*W. E. Leonard* (*William M. Cline*, of counsel), for appellant.

*P. H. Phillips*, for plaintiff.

SHERWOOD, J. The plaintiff sued the defendants in justice's court in assumpsit on the following promissory note:

"$50.            PORT HURON, MICH., January 17, 1884.
"One year after date we promise to pay to the order of Robert S. Rawlings fifty dollars, at the First National Bank, Port Huron, Mich., value received, with interest at 7 per cent.
                            "HENRY COLE.
                            his
                         "CHAS.  X  COLE."
                            mark.

Henry Cole pleaded the general issue. The defendant Charles Cole filed the plea of the general issue, and an affi-

---

[1] See *Case v. O'Brien*, 66 Mich. 290 (head-note 3), as to release of surety; *Farwell v. Ensign*, 1d. 600, as to changing legal effect of promissory note by extrinsic evidence.

davit denying his execution of the note, under oath; also gave notice that, if he ever did sign the note, he did so as an indorser. Upon these pleadings the cause was tried before the justice, who rendered judgment for the plaintiff for $57.15, and $10 costs. On the trial in the circuit before a jury, the verdict was for $60.34, in favor of plaintiff, and from the judgment rendered thereon the defendant Charles Cole brings error.

Upon the trial, after the plaintiff had introduced his proofs and rested, the defendant offered to show that he signed the note as surety, and that he was released from any liability on said note by reason of the contract made by the plaintiff with the defendant Henry Cole to extend the time of payment of said note, without the consent of the surety, one year. To the introduction of this testimony the plaintiff objected, on the ground that no notice had been given of this defense, and that the testimony was inadmissible under the general issue. The court sustained the objection, and counsel for defendant excepted.

This ruling includes the substance of all the assignments of error in the case.

The circuit judge was correct in his ruling. Under the common-law rule, this defense must have been specially pleaded before it could be introduced in evidence, and the notice under our practice is substituted for the special plea. How. Stat. § 7363; Archb. Pl. 179; *Rosenbury v. Angell*, 6 Mich. 508.

The general issue is a denial of all the material facts and allegations contained in the plaintiff's declaration. The material matters contained in a declaration are those facts and allegations necessary to be proved in making out the plaintiff's case.

The testimony offered was in no sense a denial of the matters necessary to be proved by the plaintiff in making out a liability on the part of the defendant.

The proof offered was for the purpose of establishing another and different contract from the one declared upon, made at a different time and place, and between different persons. The plea and notice should have informed the plaintiff that such a defense was intended, that he might be prepared to meet it, if untrue. *Miller v. Finley,* 26 Mich. 249; *Wheeler v. Curtis,* 11 Wend. 654; *Bank of Auburn v. Weed,* 19 Johns. 300; *Hollister v. Bender,* 1 Hill, 150; 1 Chit. Pl. 506, and cases cited; *Taylor v. Hilary,* 1 Cromp. M. & R. 741; *Taylor v. Hilary,* 3 Dowl. 461; *Harden v. Clifton,* 1 Gale & D. 22.

There was no error in the ruling of the court, and the judgment must be affirmed.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.