CLEVELAND *v.* ROTHSCHILD.

1. PLEADING—ASSUMPSIT—GENERAL ISSUE—RELEASE.
   Evidence of a release, which was in effect a payment or satisfaction of plaintiff's claim, was admissible in an action of *assumpsit* under a plea of the general issue, filed before the adoption of Cir. Ct. Rule 7.

2. Trial—Evidence—Question for Jury.

Where defendant's testimony tended to establish a release, and plaintiff's that the arrangement was not concluded and the release never delivered, the question was one of fact for the jury.

Error to Wayne; Brooke, J. Submitted January 6, 1903. (Docket No. 5.) Decided April 7, 1903.

*Assumpsit* by William H. Cleveland against Sigmund Rothschild to recover the purchase price of certain corporate stock. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Tarsney & Fitzpatrick*, for appellant.

*Chamberlain & Guise*, for appellée.

Hooker, C. J. Plaintiff brought this action of *assumpsit* to recover $5,000, which he claims to be his due from the defendant as the purchase price for an interest in a stone quarry sold by him to the defendant.

The defendant pleaded the general issue in 1896, and the following writings were offered and received in evidence:

"For certain valuable considerations granted me by Sigmund Rothschild, of the city of, Detroit, I do hereby release said Rothschild from all personal obligation and liability in connection with the affairs of the Cleveland Stone Company of the city of Detroit.

"W. H. Cleveland.

"Dated Detroit, Feb. 28, 1894."

"For a valuable consideration to me in hand paid by W. H. Cleveland, of the city of Detroit, I do hereby agree to procure and deliver to said Cleveland from Charles Scheuer, of the city of New York, who, under judicial process of a court of the Dominion of Canada, and by virtue of a certain bill of sale executed by the Cleveland Stone Company of Detroit to said Charles Scheuer, is now in possession of the stone-crushing plant, property, and business of the said Cleveland Stone Company, an option or agreement, running until the 1st day of May next, for the

sale and delivery to said W. H. Cleveland of the above-mentioned property and business, free from all indebtedness, upon the payment to me of the sum of fifteen thousand dollars in cash or approved paper, as said Cleveland may elect, said paper payable in one and two years from this date, with interest at 6 per cent. per annum.

"SIGMUND ROTHSCHILD.
"Dated Detroit, Feb. 28, 1894."

There was testimony tending to show that these papers were delivered on the day of their date. Defendant also, introduced the following letter and telegram:

"DETROIT, March 5, 1894.
"SIGMUND ROTHSCHILD, Esq.,
"New York.

"*Dear Sir:* Went to your office this morning pursuant to your own appointment last evening, and was informed you had left on the 9:50 train for New York. Have just written you, care Hotel Savoy, that, as you impose another condition, in addition to those entered into between us, relating to the personal release of yourself from all personal obligation to myself in connection with our company affairs, and the securing of the option from Charles Scheuer for the sale and transfer of the property and business to me, viz., the withdrawal of the suit against Brown, that if you will wire Mr. Schott, or some other representative, to fix me for $1,500 for three or four months, I will withdraw said suit. And, if successful in disposing of the property,—negotiations to that end, however, must remain in abeyance until I hear from you,—this money with my debt at the house shall be provided for, and possibly enough more in some shape to cover your personal loss in our enterprise.

"I write this care of E. Rosenwald & Bro., in case the letter to care of Savoy fails to reach you promptly.

"Sincerely,
"W. H. CLEVELAND."

"Dated DETROIT, MICH.   Received at 42 East 59th St.
"March 5, 1894.
"To SIGMUND ROTHSCHILD,
"Savoy Hotel:
"Will withdraw suit if wire fixing me fifteen (15) hundred four months to be returned. Letters mail.
"W. H. CLEVELAND."

The plaintiff sought to show that the release'relied on by defendant came to his (defendant's) hands during negotiations not completed, and was retained without right, and that there was in fact no delivery of the same. He also claimed that it was not admissible under the general issue, and that the court erred in directing a verdict for the defendant.

The most comprehensive question in the case is raised by plaintiff's claim that the defense of a release must be specially pleaded, and was not admissible under the general issue. Tiffany's Justice's Guide, at page 191, is authority for the proposition that, "under this plea, any matter which shows that the plaintiff never had a cause of action, and also most matters in discharge of the action, are admissible;" and in a note (1) a release is mentioned as one of these defenses, on the authority of 1 Chitty, Pl. 478 (9th Am. Ed.); and *Fulton Bank* v. *Stafford,* 2 Wend. 486, where there is a statement to the effect that, "in *assumpsit,* the defendant, under the general issue, may give in evidence anything which shows that the plaintiff, at the commencement of the suit, had not a good cause of action, or that nothing is due; as payment, a release, accord and satisfaction." The defense in that case was usury. Chitty admits that this is at variance with the rule that "a matter of defense which admits the facts stated in the declaration, but avoids them, should be specially pleaded." See 1 Chitty, Pl. 479. See, also, Id. 515, where it is said: "In every species of *assumpsit,* all matters in confession and avoidance shall be specially pleaded; *ex. gr.,* release, payment," etc.

This court has frequently held that the plea of the general issue in civil actions traverses every material averment in the declaration which must be proved, and seems to have recognized the rule that matters of avoidance should be pleaded specially. *Kinnie* v. *Owen,* 1 Mich. 249; *Ingalls* v. *Eaton,* 25 Mich. 32; *Rawson* v. *Finlay,* 27 Mich. 268; *Edwards* v. *Chandler,* 14 Mich. 471 (90 Am. Dec. 249); *Osborn* v. *Lovell,* 36 Mich. 250; *Wilson*

v. *Wagar*, 26 Mich. 452; *Snyder* v. *Willey*, 33 Mich.
483; *Grieb* v. *Cole*, 60 Mich. 397 (27 N. W. 579, 1 Am.
St. Rep. 533); *Dean* v. *Chapin*, 22 Mich. 275; *Hill* v.
*Callaghan*, 31 Mich. 424; *Hovey* v. *Sebring*, 24 Mich.
232 (9 Am. Rep. 122); *Reynolds* v. *Kent*, 38 Mich. 246;
*Child* v. *Manufacturing Co.*, 72 Mich. 623 (40 N. W.
916).

We have little doubt, however, that the rule as stated
by Tiffany has been accepted by the profession generally
as the rule in this State. It is settled that payment may
be shown under a plea of the general issue. *Olcott* v.
*Hanson*, 12 Mich. 454; *Burt* v. *Olcott*, 33 Mich. 179;
*Huntoon* v. *Russell*, 41 Mich. 316 (2 N. W. 38); *Bren-
nan* v. *Tietsort*, 49 Mich. 398 (13 N. W. 790).

On the other hand, the only cases brought to our notice
where releases have been offered are those of *Rawlings* v.
*Cole*, 67 Mich. 431 (35 N. W. 66), and *Field* v. *Plummer*,
75 Mich. 437 (42 N. W. 849). The first of these was an
action against two signers of a note. Under a plea of
the general issue, one sought to show that he was only a
surety upon the note, and that "he was released from any
liability on said note by reason of a contract made by
plaintiff with his codefendant to extend the time of pay-
ment." It was held that the defense should have been
specially pleaded. In the other case defendant was sued
upon a judgment rendered in Illinois. Under a plea of
the general issue he offered to show that he was a surety,
and that, many years before, the plaintiffs had agreed not
to enforce the judgment. It was held that this defense
should have been pleaded.

It is a noticeable fact that in neither of these cases was
there any claim of payment or performance of defendant's
undertaking. In the present case defendant's release is
apparently based upon a consideration, and was in effect
a payment or satisfaction of the plaintiff's claim. Pay-
ments are not always made in money. Anything may be
accepted as a payment. It is only necessary that the par-
ties so agree. A horse given and accepted in full of this

debt would have been a payment, and it could be shown under the general issue. Here there was an executory contract for an option, which, according to defendant's theory, was given and accepted as a satisfaction of the debt. We are of the opinion that this testimony was admissible under the original plea, which was filed in 1896, before the adoption of Cir. Ct. Rule 7. As both parties and the court seem to have acted upon the assumption that defendant's rights under the plea of the general issue were not changed in this case by the adoption of the rule, we do not discuss the question of its effect on pending litigation, or the addition, by way of amendment to such plea, of a notice of set-off.

Defendant's testimony tended to establish the release or payment. This the plaintiff denied, claiming that the arrangement was not concluded and that the release never was delivered. This raised a question of fact, and should have been submitted to the jury. We do not overlook the contention of defendant's counsel that letters written by the plaintiff after February 28th are inconsistent with this claim and disprove his oral testimony, but we think that these are matters that should have been left to the jury.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.