AYRES *v.* SHORT.

1. WITNESSES — COMPETENCY — MATTERS WITHIN KNOWLEDGE OF DECEASED.

On a bill for specific performance of a contract between complainant and defendants' ancestor for the conveyance of land, testimony of complainant's wife as to matters equally within the knowledge of the deceased will be excluded from consideration.

2. SPECIFIC PERFORMANCE—CONVEYANCE OF LAND—ORAL CONTRACT —PART PERFORMANCE.

Full performance on complainant's part of a contract with defendants' ancestor, by the terms of which he agreed to buy and improve a house and lot and leave it to complainant on consideration that complainant should move into the house and make a home for the ancestor as long as he should live, entitles complainant to specific performance after the ancestor's death.

Appeal from Lenawee; Chester, J. Submitted November 7, 1905. (Docket No. 97.) Decided December 30, 1905.

Bill by John B. Ayres against Homer E. Short, individually and as administrator of the estate of Riley Short, deceased, and others to compel the specific performance of a land contract. From a decree for complainant, defendants appeal. Affirmed.

*J. L. O'Mealey* and *Grant Fellows*, for complainant.

*Bird & Sampson; Haggart & Hicks*, and *Smith, Baldwin & Alexander*, for defendants.

McAlvay, J. The bill of complaint in this cause was filed to enforce the specific performance of a certain contract made between complainant and Riley Short, deceased, relative to a certain house and lot in the city of Adrian. Defendants are the representative and only heirs of said Riley Short interested in said property. The cause was heard upon pleadings and proofs taken in open court. A decree was granted for complainant. Defendants appeal.

The bill of complaint alleges that Riley Short, in June, 1900, came to the home of complainant in Adrian with his horse and carriage, seeking for board and lodging for a short time; that he was received as a boarder upon arrangements made for himself and his horse, and continued to live with complainant from that date until October following; that he was an old gentleman of some means; that he had a divorced wife living, and two sons, Edward Short and Homer E. Short; that he was somewhat estranged from his family, and had become dissatisfied with living with his cousin, Wilbur Short, with whom he had made his home for the previous years; that several times Riley Short proposed to complainant that he would buy a house and lot in Adrian, put the same in repair, the property to belong to complainant on his death, provided

he would move with his family into said house and care
for Mr. Short and make a home for him as one of the
family as long as he lived; that these parties finally enter-
ed into such an agreement; that about October 1, 1900,
the house was purchased and repaired, and complainant,
who had a home of his own, moved his family and furni-
ture into it, and proceeded to take care of and make a
home for the old gentleman according to the agreement,
the details of which need not be specifically set forth; that
the relations between the parties were pleasant and satis-
factory; that complainant and his wife cared for Mr.
Short, who expressed himself to many persons as satisfied,
and also at different times told of the arrangement above
stated as to the disposition of this property; that com-
plainant was an attorney and did Mr. Short's business,
and often talked with him about making a deed or will of
this property to complainant; that Riley Short died May
3, 1902, having made a will without complainant's knowl-
edge, August 2, 1901, of the contents of which he was not
informed until after his death. By this will this property
and all other property was disposed of to different relatives.

An objection was properly made to the testimony of
complainant's wife as to matters equally within the
knowledge of the deceased. It is evident from the ruling
of the court that such testimony was not considered, and
this court excludes it from consideration. The case must
be determined entirely upon the facts. We have care-
fully examined all the evidence, and find that an agree-
ment was made between these parties as claimed by com-
plainant; that the property was selected, improved, and
repaired with the understanding that complainant would
move, into it and care for Mr. Short during his lifetime,
all of which was done and performed by complainant;
that the old gentleman stated that he had bought the
property for complainant, who was to care for him and
have it after his death; that he was satisfied, and said he
had a good home and was well taken care of. The proofs
also show that complainant in all respects fully performed

his part of the agreement, and is entitled to the relief prayed for. No proofs were offered on the part of defendants.

The decree of the circuit court is affirmed, with costs.

MOORE, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.