ABBOTT *v.* JONES.

1. WITNESSES — MATTERS EQUALLY WITHIN KNOWLEDGE OF DE-
   CEASED—ESTATES OF DECEDENTS—PARTNERSHIP — HUSBAND AND
   WIFE.

   In a suit against the devisee and estate of a deceased partner, by
   a surviving member of the firm, to enforce an equitable in-
   terest in real estate purchased by decedent in his own name,
   the wife of the surviving partner, having an interest in the
   subject-matter, may not testify as to matters equally within
   the knowledge of deceased.  3 Comp. Laws, § 10212.

2. LACHES—EQUITY—PARTNERSHIP.

   Delay of over 16 years after the dissolution of a copartnership
   bars the claim of an equitable interest in real property bought
   by and in the name of a deceased partner, who, before his
   death, transferred it to himself and wife as tenants by the
   entirety.

3. PARTNERSHIP—FRAUD—EQUITY.

   Evidence that complainant and his partner continued in busi-
   ness for over 20 years, living in the same house, paying
   mutual expenses out of partnership business, that complain-
   ant married a member of the deceased partner's family, and
   that the state of the partnership accounts could not be de-
   termined from the records, and that improvements to real
   estate owned by decedent were not made with partnership
   funds, the proofs being insufficient to show that the property
   was purchased by him on the partnership account, does not
   sustain a decree setting aside an estate by the entirety claimed
   by his wife.

Appeal from Barry; Smith, J.  Submitted November
17, 1910.  (Docket No. 23.)  Decided March 13, 1911.

Bill by Milford O. Abbott against Mary E. Jones, per-
sonally and as administratrix of the estate of Allen Jones,
deceased, to establish an interest in real property.  From
a decree for complainant, defendant appeals.  Reversed
and bill dismissed.

*Thomas Sullivan* (*Frost & Farrell*, of counsel), for appellant.

*Colgrove & Potter*, for appellee.

McAlvay, J.   Complainant and Allen Jones, deceased, entered into copartnership under the firm name of A. Jones & Co., at Hastings, Barry county, in 1879, for the purpose of dealing in flour and feed, and buying hides and furs.   The record does not show the amount invested by the partners.   That same year complainant married a young woman who was a relative of decedent's first wife and had been brought up in his family.   After this marriage the two families lived together in decedent's house during all the years the copartnership continued, and the expenses of the housekeeping were paid from the funds of the firm.   At that time (1879) decedent owned real estate in Hastings which the record shows had been purchased by his wife in 1865 for $1,200, and in 1871 had been deeded by her to him for a consideration of $2,000.   On this property were two stores, one of which was occupied by the firm from its formation until May 15, 1892, when the partnership sold out this business to a Mr. Williams, who paid for it $1,200.   One year later, on May 22, 1893, complainant bought this business back from Williams for about $100, and conducted the business alone for two years and a half, when he entered into copartnership with his brother, and this firm occupied the same store and regularly paid rent to Allen Jones up to the time of his death, which occurred May 24, 1908, and until the time of bringing this suit.   In addition to the property owned by Allen Jones at the time he entered into copartnership with complainant, he acquired title to other real estate during the continuance of the business, upon which buildings were erected, and extensions and repairs were also made upon the premises theretofore owned by him.   Allen Jones' first wife died in 1892.   He married defendant Mary E. Jones in 1893, and lived with her until his death. No children were born of the second marriage, and but

one, which died at an early age, was born of the first marriage. In July, 1904, Allen Jones consulted his attorney relative to arranging his property affairs either by will or by deeds, which resulted in the creation of an estate in joint tenancy in himself and wife by joining with her in a transfer of his real estate to a third person, who at once deeded to him and his wife as joint tenants. Real estate of the value of $1,200 was not included in this transfer, and the expenses of administration and any debts he might owe at his death were to be paid with this reserve. These deeds were recorded May 29, 1908.

Complainant filed his bill of complaint in this cause in April, 1909, setting forth that this copartnership had been a profitable one and no settlement had ever been made between the copartners; that the deceased partner had purchased certain real estate with partnership funds in his own name, and used large amounts of such funds in putting buildings and repairs on other real estate; that Allen Jones owned but little property when they began business together, and that he was in poor health, able to do but little about the business; that his wife was sick for a long time and was cared for by complainant's wife; that complainant did most of the work in and about the business. He alleges that it was agreed between him and decedent—

"And made a part of the consideration of said copartnership that the said property which was bought by the said copartnership assets and profits should at the death of said Allen Jones become the property of your orator absolutely."

He states further that after the copartnership business ceased, his partner promised that all of his property would belong to him. He prays for a settlement and an accounting with the estate and Mrs. Jones and for a receiver; that the deeds through which Mrs. Jones claims be set aside; that the estate of Allen Jones, and its representative, Mrs. Jones, may be decreed and compelled to carry out and perform the contract between the partners, and for general relief. Defendant, Mary E. Jones, personally and as

administratrix, filed separate answers denying all the material allegations of the bill and invoking the statute of limitations, and section 9509, 3 Comp. Laws, and section 8835, 3 Comp. Laws, and laches, as a complete bar and defense to any claim of complainant. A decree was entered by the court granting complainant substantially the relief prayed.

Defendant who has appealed to this court contends that upon this record the complainant was not entitled to any relief.

The bill of complaint is framed upon the theory that a contract existed between complainant and Allen Jones "as a part of the consideration of the copartnership, that all property bought by the copartnership assets and profits should at the death of Allen Jones become the property of complainant absolutely." Because of later verbal agreements claimed to have been made with Allen Jones, complainant also contends that real estate owned by him prior to the partnership should be decreed to him, presumably in consideration of additions and repairs put upon such property with partnership funds. No contract of copartnership was ever entered into in writing, nor is it claimed that any of decedent's promises and agreements were in writing. This large record discloses that both complainant and his wife were, over objection of defendant, permitted to testify at great length relative to matters without question equally within the knowledge of the deceased partner, upon the most material and the controlling facts in the case. It will not require the citation of our former decisions to support the statement that upon such matters the complainant was not a competent witness, by reason of the prohibition of section 10212, 3 Comp. Laws.

This court has also held that under the same statute the wife of complainant in cases of this kind, where she has a direct interest in the subject-matter of the litigation, is not a competent witness to testify, by reason of such interest, and "her testimony must be excluded from consideration." *Laird* v. *Laird*, 115 Mich. 352 (73 N. W. 382),

and cases cited; *Chaddock* v. *Chaddock*, 134 Mich. 48 (95 N. W. 972). The exclusion of this incompetent testimony removes from the case all evidence of the contract sought to be enforced; and all evidence that there was not a final settlement of the partnership affairs at or about the time the business was sold out. Excluding their incompetent testimony, there remains little if any proof in the case to sustain the material allegations of the bill of complaint.

It is undisputed that this partnership was entered into in 1879 and the entire business sold to Williams in 1892, that it was bought back by complainant in 1893, that afterwards he took his brother into partnership which has since continued, and rent has been paid by the firm for the store to decedent for all the years since. From May, 1892, when the business was sold, to the death of Allen Jones in May, 1908—a period of 16 years—no proceedings were taken by complainant to enforce any claim against his partner. This, therefore, is a stale claim.

There is no fraud or deceit shown on the part of Allen Jones nor upon the part of his surviving widow. The proofs absolutely fail to show any improper conduct on her part relative to the transfers which made the husband and wife joint tenants in his estate, from which at the time he took good care to reserve enough to pay all his liabilities. We do not find in the character or conduct of this widow anything which warrants any criticism. Her advent into the family was clearly not welcomed by complainant's wife, who, after a short time, refused to speak to her and moved out of decedent's house where the two families had always lived together. Complainant's wife was not the daughter of Allen Jones and his first wife, and had not been adopted by them; but having been brought up in the family, she undoubtedly expected part of the estate. There is testimony of competent witnesses of statements made by Allen Jones relative to the disposition he had made or intended to make of his estate by will to complainant and members of his family and to his own

relatives. There is no other proof relative to a will, and it appears without contradiction that he disposed of his estate, except a small amount, by deeds as above recited. The competent proof on complainant's part does not show that the real estate acquired by Allen Jones after the partnership was formed, the buildings erected thereon, and the additions and repairs put upon his property owned prior to the partnership, were purchased, erected, and made with partnership funds and under the agreements relied upon.

The books which were introduced in evidence are very unsatisfactory, and, with complainant's testimony in regard to them stricken out, do not sustain complainant's contention. They were not a regular set of books, nor did they cover the entire period of the business. They contain no inventories or accounts between the partners, and from what they show in this record the state of the partners' accounts cannot be determined. These books do not show that this was an extensive and profitable business. There is evidence in the record showing that Allen Jones, after the sale of the partnership business, made extensive repairs and improvements upon his real estate and borrowed money in considerable amounts during that time. This condition of his affairs does not tend to support or establish complainant's theory.

The proofs in the case do not sustain the allegations of the bill, and do not entitle complainant to any relief. The decree of the circuit court is reversed and set aside, and a decree will be entered in this court against complainant and in favor of defendant, Mary E. Jones, personally and as administratrix of the estate of Allen Jones, deceased, dismissing the bill of complaint, with costs of both courts against complainant.

BIRD, BROOKE, BLAIR, and STONE, JJ., concurred.