CLEM F. BAKER, *Appellant, v.* THE CENTRAL NATIONAL
BANK OF ELLSWORTH, *Appellee.*

No. 17,392.

SYLLABUS BY THE COURT.

1. MORTGAGE—*Payment—Satisfaction of Record.* Giving a mort-
gage on real estate in lieu and in satisfaction of another on
different real estate constitutes such payment of the latter as
to entitle the mortgagor to its satisfaction of record.

2. ——— *Payment — Demand for Satisfaction of Record on
Agent.* If a bank send an agent to deal with a mortgagor
with authority to make full settlement and enter, or agree to
enter, satisfaction of record, a demand for such satisfaction
made upon the agent while thus authorized is sufficient.

Appeal from Hodgeman district court. Opinion filed
January 6, 1912. Reversed.

*T. S. Haun, W. E. Broadie,* and *Charles A. Baker,*
for the appellant.

*Ira E. Lloyd,* and *N. F. Nourse,* for the appellee.

The opinion of the court was delivered by

WEST, J.: This was an action to recover the statu-
tory penalty for failure to satisfy a mortgage. A crit-
ical examination of plaintiff's amended petition and
his reply discloses his claim to be that having given
to the defendant bank a chattel mortgage and a mort-
gage on certain lots to secure a note for $1000, he
thereafter, on September 4, 1907, in lieu and in con-
sideration of the mortgage on the lots, gave a mort-
gage on some land, dealing with Thorpe as agent
of the bank. That on November 14 he deeded the
land itself to Thorpe for the bank, part of the con-
sideration being the payment of the 1000-dollar note
and the release of the mortgage on the lots, and that
on the same date he demanded such release of Thorpe,
who was acting for the bank. That is, that on Sep-
tember 4 he paid the mortgage by giving another in

its stead and on November 14 he paid the note by deeding the land, and then made a demand for the release of the mortgage on the lots which was still unsatisfied of record. The defendant's verified answer denied the agency of Thorpe to take the mortgage on the land except as additional security and denied that it bought the land or agreed to release the mortgage and alleged that the note was still unpaid. Hence it was for the plaintiff to show that Thorpe, for the bank, took the mortgage on September 4 in satisfaction of the one on the lots and that on November 14 a demand for satisfaction was made on him while representing the bank, or that on the latter date he took the land for the bank in payment of the note and in consideration of satisfying the mortgage and that a demand for such satisfaction was then made on him. Unless Thorpe was agent of the bank in these matters it would not be bound and a demand on him would not be sufficient. The jury found for the defendant and the plaintiff appeals and complains of the rejection of certain evidence and of certain instructions given.

A witness was asked if on the 4th of September he heard plaintiff make a demand on Thorpe as agent of the bank for a release of the mortgage. The question was objected to as immaterial and not within the issues and the objection was sustained. As plaintiff's pleadings specifically alleged that the demand was made on the 14th of November, he can hardly complain of a refusal to permit evidence of a demand several weeks before.

Instruction No. 3 was to the effect that before plaintiff could recover he must prove that he paid the note on November 14, and it is complained that the alleged agreement of September 4 to take the latter mortgage in lieu and in consideration of the former was by the court ignored. If such agreement was made with Thorpe as agent for the bank and followed by a demand on November 14 this would entitle the plaintiff

to recover whether the note had been paid or not, for the mortgage on the lots would, by such agreement, be satisfied in fact and should be satisfied of record. While the statute (Gen. Stat. 1909, § 5202) uses the term "paid," we think the intention was to embrace whatever by agreement of the parties amounts to a settlement and satisfaction of the mortgage. (*Stokes v. Stokes,* 34 N. Y. Supr. Ct., App. Div., 423, 54 N. Y. Supp. 319; *Cleveland v. Rothschild,* 132 Mich. 625, 94 N. W. 184; *Bantz & Co. v. Basnett,* 12 W. Va. 772; *Walters et al. v. Walters,* 73 Ind. 425; 27 Cyc. 1413, 1414.)

In instruction No. 4 the jury were told that in order for a demand upon the bank to be effective it must be made upon the president, vice president, cashier or the person in charge of the bank at its place of business. This would be generally true, but when, as claimed in this case, the bank sends an agent to deal with the mortgagor and gives him authority to make full settlement and satisfaction, he so far represents the bank that a demand on him while such authority continues is in law a demand upon the bank. (27 Cyc. 1427; *Saint v. Wheeler & Wilson Manufacturing Co.,* 95 Ala. 362, 379, 10 South. 539.) After the jury had retired they returned and asked whether a demand on the bank's acting agent would be a satisfactory demand on the bank for a release of the mortgage and were told that no demand would be sufficient except as indicated in the instructions as already given.

The jury found that a demand was made on Thorpe on November 14 and that no demand was made on any officer of the bank. While they also found that the land was sold to Thorpe and that the mortgage was not paid until after the beginning of the action, still the plaintiff was entitled to have his claims presented to the jury by instructions which properly recognized the alleged satisfaction of the mortgage on September 4, the alleged agency of Thorpe in reference to the transactions on that date and on November 14, and the suffi-

ciency of a demand on him if acting for the bank. The instructions failed in these respects.

The judgment is reversed and the cause remanded with directions to grant a new trial.

BURCH, J., dissents.