CLARK MEMORIAL MASONIC ASS'N v. COLMAN'S ESTATE.

1. WITNESSES—"OPPOSITE PARTY"—STATUTES.
    On the hearing of a claim by a Masonic Association
    against the estate of a deceased on a promise made in the
    presence of the officers of the association to witness that
    if she would contribute a certain amount to the associa-
    tion he would contribute a like amount, she was not an
    "opposite party," under 3 Comp. Laws, 1915, § 12553, and
    she was therefore competent to testify; the real test
    being as to whether witness will gain or lose financially,
    directly or indirectly, by the judgment in the pending
    case.

2. CONTRACTS—ENFORCEMENT BY BENEFICIARY—STRANGER TO CON-
    SIDERATION.
    A promise made by an officer of a Masonic Association
    in the presence of the other officers, that, in consideration
    of a donation to the association by a third party he would
    donate a like amount, held, such a promise as will author-
    ize a recovery; the association, under the circumstances,
    not being a stranger to the consideration.

Error to Kalamazoo; Weimer (George V.), J. Sub-
mitted January 31 1923. (Docket No. 77.) Decided
April 27, 1923.

The Clark Memorial Masonic Association presented
a claim against the estate of Hutson B. Colman, de-
ceased, for the amount of a subscription to the capital
stock of plaintiff corporation. The claim was allowed
by the commissioners, and defendant appealed to the
circuit court. Judgment for plaintiff. Defendant
brings error. Affirmed.

*Mason & Sharpe,* for appellant.
*George P. Hopkins,* for appellee.

FELLOWS, J. Plaintiff is a corporation organized for the purpose of building and maintaining a Masonic Temple in the city of Kalamazoo. Its officers were authorized to sell its stock to members of the fraternity only but they were authorized to accept donations from others. On September 11, 1914, Edmund S. Rankin was president of the association, Washington W. Olin its treasurer, and deceased, Hutson B. Colman, a member of its board of directors. Mr. Colman was prominently identified with the Masonic fraternity and the association and owned considerable stock in the corporation. William S. Lawrence was in his lifetime also a prominent member of the Masonic fraternity. He was deceased at the time of the building of the temple. His widow, Malinda J. Lawrence, lived at Galesburg, a short distance from Kalamazoo. On the day above noted Mr. Rankin, Mr. Olin and Mr. Colman went to Galesburg to solicit a donation to the association from Mrs. Lawrence in memory of her deceased husband. In the presence of Mr. Rankin and Mr. Olin, president and treasurer of the association, Mr. Colman stated to Mrs. Lawrence that if she would donate $1,000 to the association in memory of her deceased husband he would increase his subscription in the same amount. Mrs. Lawrence made the donation. After Mr. Colman's death this claim for $1,000 was filed against his estate. It was allowed by both the probate court and circuit court, the trial in the circuit being before the court without a jury.

It is first insisted that the testimony of Mrs. Lawrence as to the transaction is incompetent under section 12553, 3 Comp. Laws 1915. No question of the statute of frauds is involved, nor is any claim made that Mrs. Lawrence was the agent of the association. What is claimed is that she was the "opposite

party" within the meaning of the section above cited. Counsel for the estate thus state their position:

"The opposite party does not necessarily mean a party to the record, but it means any person whose interests are as a matter of fact antagonistic to the interests of those for whose benefit the statute was passed.    Perkins on Evidence by Survivor, p. 18; *O'Neil* v. *Greenwood*, 106 Mich. 572; *Laird* v. *Laird*, 115 Mich. 352; *Chaddock* v. *Chaddock*, 134 Mich. 48; *Ayres* v. *Short*, 142 Mich. 501; *Abbott* v. *Jones*, 164 Mich. 598.

"The real test is as to whether the witness will gain or lose financially, directly or indirectly, by the judgment in the pending case."

We do not take issue with counsel as to the rule. Judge Perkins, at the page cited, says:

"An 'opposite party' may be defined to be one whose personal and financial interests, either immediate or remote, are in antagonism to the like interests of a protected party to the controversy.    A protected party is one named in the statute as a person entitled to its protection.    Where both parties are protected, and have such adverse interests in the result as indicated, each is an 'opposite party' to the other, and neither can testify to prohibited matters."

The cases from this court cited by counsel are somewhat typical of the several hundred cases in which we have considered this statute.    *O'Neil* v. *Greenwood*, *supra*, was a suit prosecuted against the assigns of decedent by the representatives of his estate.    It was held that the heir at law was not a competent witness.    The financial interest of the heir at law was opposed to that of the assigns.    In *Laird* v. *Laird*, *Chaddock* v. *Chaddock* and *Ayres* v. *Short*, *supra*, real estate was involved and it was held in each case that the wife by reason of her inchoate right of dower had such a financial interest in the controversy as to preclude her from giving testimony of facts equally within the knowledge of the deceased.    In *Abbott* v. *Jones*,

*supra,* the dower interest had been fixed by the death of defendant's husband and it was held that she could not testify.    But in the instant case we fail to perceive that Mrs. Lawrence has any financial interest in the result.   She is not a stockholder of plaintiff, did not and could not become a stockholder.    Her contribution to the building of the temple was a donation, and her interest, if she has any in the outcome of this suit, is purely sentimental.    Such interest is not within the purview of the statute.    She was a competent witness.

But it is insisted that assuming all that Mrs. Lawrence testified to took place still plaintiff is not entitled to recover, that if deceased made the promise testified to by her, it was a promise to Mrs. Lawrence for the benefit of plaintiff, the consideration for which was furnished by her and that under such circumstances plaintiff being a third party, a stranger to the consideration, cannot recover under the holding in *Knights of Modern Maccabees* v. *Sharp,* 163 Mich. 449' (33 L. R. A. [N. S.] 780), and cases there cited. Upon the argument counsel were asked to file briefs on the question of whether the rule contended for had been changed by section 2, chapter 12 of the judicature act (3 Comp. Laws 1915, § 12353).    Such briefs have been filed but upon a full consideration of the case we do not deem it necessary to decide that question to dispose of the case.   We are all agreed that the case of *Preston* v. *Preston,* 207 Mich. 681, is controlling.   An examination of this case together with the original opinion (205 Mich. 646) discloses that the promise there relied upon was made to the mother of the plaintiff and that the mother furnished the consideration.    The plaintiff was a blind girl and the promise was for her benefit and was made in her presence.   We there said:

"It thus appears that when the agreement was made

the party for whose benefit it was made was present and that it was in her hearing and within the confines of a small room.    She was unable to see, but she clearly heard her father say in her presence that he would agree to the proposition as stated by the mother.    Can it be said that under these circumstances the plaintiff was not privy to the contract? And was not, in effect, in the situation thus created, the promise made by the father directly to the blind girl?

"We are of the opinion that the plaintiff was, under these circumstances, a party to the contract and that the situation comes under the exception to the rule referred to in the *Maccabee Case, supra,* and announced by this court in the case of *Palmer* v. *Bray,* 136 Mich. 85.    For a recent discussion of the New York rule, with reference to exceptions of this kind, see *Seaver* v. *Ransom,* 224 N. Y. 233 (120 N. E. 639, 2 A. L. R. 1187)."

This case was cited and followed in *Bassett* v. *Publication Society,* 215 Mich. 126 (15 A. L. R. 213). In the instant case the promise was made in the presence of the president and treasurer of plaintiff; it was made by and in the presence of the deceased who was a director of the association.    It was as much of a promise to the association as though Mr. Colman had said to the officers: "I will increase my subscription $1,000 if Mrs. Lawrence will donate $1,000."    It was such a promise under the holding in the *Preston Case* as authorized a recovery in the instant case.    The trial judge found that it was made. The testimony of Mrs. Lawrence which supports such finding being competent, and there being no other evidence on the subject, we must affirm the judgment.

WIEST, C. J., and CLARK, BIRD, MOORE, and STEERE, JJ., concurred.    MCDONALD and SHARPE, JJ., did not sit.