BEAUPRE *v.* HOLZBAUGH.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —PRINCIPAL AND AGENT—ACTIVE PARTICIPATION IN RECEIPT OF BENEFIT AS THIRD PARTY.

The mere fact that a third party would be a beneficiary of a transaction involving the credit of a payment on a promissory note owed by defendant to plaintiff, the wife of such third party, and that he might have participated actively in receiving such benefit for himself would not constitute him in anywise an agent of either party to the agreement within meaning of statute barring testimony of matters equally within the knowledge of a deceased person (CL 1948, § 617.65).

2. SAME—PECUNIARY INTEREST OF HUSBAND—OPPOSITE PARTY.

In determining whether or not a husband is barred from testifying in his wife's action on a promissory note against the estate of the obligor, the test is whether or not the husband had a direct pecuniary interest in the subject matter of the litigation before the court so as to constitute him at that time an opposite party to the estate of the deceased, and not whether or not he had an interest in a transaction which occurred incident to an alleged credit upon the note (CL 1948, § 617.65).

3. SAME—FAMILY RELATIONSHIP.

Mere family relationship between a witness and the "opposite party" does not give rise to such interest as to bar his testimony under the statute as to matters equally within knowledge of deceased (CL 1948, § 617.65).

4. SAME — SERVICES RENDERED BY DEFENDANT — PRINCIPAL AND AGENT—PECUNIARY INTEREST OF HUSBAND.

Testimony as to allowance of a credit on defendant's note to plaintiff, wife of witness, by means of services rendered in pro-

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 58 Am Jur, Witnesses, §§ 287–298.
[5, 6] 34 Am Jur, Limitation of Actions, § 345.
[7] 3 Am Jur, Appeal and Error, §§ 1203, 1208.

curing an automobile at wholesale price *held,* not to have shown witness was an agent of his wife in the matter nor to have created in the husband a pecuniary interest in the subject matter and outcome of the litigation so as to bar his testimony under statute as to matters equally within knowledge of deceased (CL 1948, § 617.65).

5. PAYMENT—FORM.
  Payment need not be in money but may be in the form of goods or services accepted by the payee.

6. LIMITATION OF ACTIONS—PAYMENT—EVIDENCE.
  Testimony of plaintiff in action on promissory note established that payment made by defendant automobile dealer by way of allowance to him of credit for procuring an automobile at wholesale for plaintiff or for her and her husband *held,* to have established by a clear preponderance of the evidence that payment was made tolling statute of limitations (CL 1948, § 609.13).

7. APPEAL AND ERROR — NONJURY CASE — JUDGMENT — BILLS AND NOTES.
  Judgment for amount of principal and interest on promissory note is ordered on remand where testimony in nonjury case clearly established plaintiff's right thereto and amount is not disputed.

Appeal from Oakland; Hartrick (George B.), J. Submitted October 12, 1949. (Docket No. 44, Calendar No. 44,441.) Decided February 28, 1950. Rehearing denied April 3, 1950.

Assumpsit by Catherine E. Beaupre against George Holzbaugh on a promissory note. Special administrator of the estate of George Holzbaugh, deceased, substituted as party defendant. Judgment for defendant. Plaintiff appeals. Reversed and remanded for entry of judgment.

*Leithauser & Babcock,* for plaintiff.

*Davidow & Davidow,* for defendant.

DETHMERS, J.  This is a suit on a promissory note executed on June 18, 1934, due one year after date, on which plaintiff, in her declaration, alleged that the last payment, in the amount of $300, was made on January 30, 1941.  Suit was commenced on December 24, 1946, process was served on defendant, maker of the note, who died January 3, 1947, after which plaintiff's declaration was filed, the special administrator of deceased's estate was substituted as party defendant, defendant's answer was filed denying the making of the last payment alleged by plaintiff and setting up as an affirmative defense the statute of limitations,* and the cause was tried before the judge without a jury.  From judgment for defendant of no cause for action plaintiff appeals.

Plaintiff's right to recover depended upon her establishing by a clear preponderance of the evidence the alleged $300 payment on the note by defendant on January 30, 1941.  Being limited as to her own testimony on the point by the statute barring the testimony of an "opposite party" on matters equally within the knowledge of the deceased (CL 1948, § 617.65 [Stat Ann § 27.914]), plaintiff sought to establish that payment by the testimony of her husband to the effect that in January, 1941, defendant was a Ford dealer; that at that time plaintiff, her husband and defendant had a conversation in which defendant said he could obtain for them a Mercury automobile at wholesale price from a dealer named Reister and that it was then agreed that in exchange for defendant so doing plaintiff would credit defendant on the note in the amount of $300 (witness admitted that he had previously testified that the credit to be given defendant on the note was the difference between the wholesale and retail

* See CL 1948, § 609.13 (Stat Ann 1949 Cum Supp § 27.605).— REPORTER.

price); that on January 29, 1941, plaintiff's husband and defendant went to Reister's and got an order on the Ford Motor Company for a Mercury and were told at the factory to pick up the car at Reister's on the next day; that on January 30, 1941, plaintiff's husband and defendant got the Mercury at Reister's; that exhibit 3 is a customer's invoice showing the sale on January 30, 1941, of a Mercury by A. W. Reister, Inc., to plaintiff's husband for the wholesale price of $864.69 cash; that plaintiff's husband paid that amount to someone in Reister's office; that the retail price was $1,071.88; that plaintiff's husband received delivery of the automobile and paid for it by a check drawn on a bank account owned jointly by himself and his wife; that the amount of the check was deducted from plaintiff's share in the joint account; that plaintiff's husband knew no one at Reister's and that the defendant handled the whole deal there; that plaintiff and her husband frequently went together to call on defendant in the interests of making collections on the note; that in 1946 the defendant, in the presence of plaintiff and her husband, examined the note and a paper attached thereto purporting to show payments on the note, including the disputed $300 payment on January 30, 1941, and that defendant then said, "Now, I owe you quite a little money" and asked plaintiff if she would cut the amount if he paid it right up and that this was agreed to orally; that previous collections on the note had been used on joint ventures of plaintiff and her husband but were credited to plaintiff. An employee of Reister's identified exhibit 3, testified that a Mercury was sold and delivered on January 30, 1941, to plaintiff's husband, that the husband signed for it, that he was charged the wholesale price for it, and that dealers are not permitted to sell cars at wholesale to others than dealers, thus indicating defendant's connection with the deal.

The court held that the testimony of plaintiff's husband concerning the automobile transaction and credit on the note was barred by the statute because he either had had an interest in the transaction or had been acting therein as the agent of his wife. In support of the court's ruling in this regard defendant cites *Abbott* v. *Jones,* 164 Mich 598; *In re Reidy's Estate,* 162 Mich 154; *In re Van Dyke's Estate,* 171 Mich 195; *Cutter* v. *Powers,* 200 Mich 375; *Hayes* v. *Skeman,* 269 Mich 473. The *Abbott Case* holds that in a husband's suit to obtain conveyance of lands the wife's homestead and dower rights therein amount to such direct pecuniary interest in the litigation as to constitute her an "opposite party" whose testimony is barred by the statute. In the *Reidy Case* the wife had both negotiated with deceased and performed the contract in behalf of her husband, as his agent, in consequence of which her testimony, as well as that of her husband, was held barred in proceedings involving the husband's claim against the estate of the deceased based on said contract. In the *Van Dyke Case,* involving a wife's claim against the estate of a deceased person, we held the husband's testimony barred because he testified that he had acted as his wife's agent in making with deceased the very contract on which the wife's claim was founded. In the *Cutter Case* the testimony of one who was not a party of record in the case was held barred nevertheless because of his direct pecuniary interest in the outcome of the litigation. The holding in the *Hayes Case* is simply that in a suit by the executor of the estate of a deceased person against a husband and wife as co-makers of a promissory note the executor may call them for cross-examination under the statute and waive the provisions of the statute barring their testimony as opposite parties. None of these cases is authority for the proposition that plaintiff's husband did act as her agent

in the instant case. There is no showing that plaintiff's husband acted as such in procuring the note or obtaining a payment thereon. The undisputed testimony is that plaintiff, in her husband's presence, agreed to give defendant a $300 credit on the note if defendant would procure a Mercury automobile at wholesale price for her husband or for them both. Thereafter the husband's part in the transaction consisted of no more than obtaining an automobile for himself and paying the wholesale price therefor. It does not appear that in so doing he was, as an agent of plaintiff, making a collection on the note. The situation was no different than any other in which plaintiff might have agreed to give defendant a credit on the note in exchange for defendant's agreeing to give something to or do something for a third party. The mere fact that such third party would, under the circumstances, be a beneficiary of the transaction and that he might have participated actively in receiving such benefit for himself would not constitute him in anywise an agent of either party to the agreement.

Likewise, none of the cases cited is authority for the proposition that the husband's interest in the instant case was such as to bar his testimony. The test is not, as indicated by the trial court, whether the husband had an interest in the transaction which occurred in January, 1941, but, rather, whether he had a direct pecuniary interest in the subject matter of the litigation before the court so as to constitute him at that time an "opposite party" to the estate of the deceased. That this is the rule is apparent from the *Abbott* and *Cutter Cases* cited by defendant. To the same effect, see *Caswell* v. *Smith's Estate,* 263 Mich 390. Mere family relationship between a witness and the "opposite party" does not give rise to such interest as to bar his testimony. *Denevan* v. *Belter,* 232 Mich 664; *Fojtik* v. *Lawson,* 303 Mich

568. For an analysis of the interest required to bar a witness's testimony in such cases see the *Fojtik Case* and cases therein cited. Despite the fact that the husband in the *Fojtik Case* participated with his wife in negotiations with the deceased resulting in an agreement between them that in exchange for the husband and wife's living with the deceased and the wife's doing housework and rendering nursing service for the deceased, the latter would leave a house and lot and furnishings by will to the wife, it was held that the husband's testimony was not barred in the wife's suit against the administrator of deceased's estate for specific performance of the agreement because from the date of the agreement on the husband had no interest in the property or the agreement. The meaning of the *Fojtik Case* as applied to the facts in the case at bar is inescapably that the husband's part in the transaction in January of 1941 did not constitute him the agent of his wife nor create in him a direct pecuniary interest in the subject matter and outcome of the litigation before the court so as to bar his testimony concerning the transaction.

Payment need not be in money. It may be in the form of goods or services. *Blair* v. *Carpenter,* 75 Mich 167; *Cleveland* v. *Rothschild,* 132 Mich 625. With the testimony of plaintiff's husband considered as received, plaintiff has established by a clear preponderance of the evidence that defendant procured an automobile at wholesale price for plaintiff's husband or for them both in exchange for plaintiff's agreement to credit defendant with the $300 payment on the note. Such service by the defendant, whether for the benefit of plaintiff or of another, rendered in response to and in reliance upon plaintiff's agreement to credit him with a $300 payment on the note, amounted to a voluntary payment thereon in such amount. In the absence of any showing that that payment was not intended by the parties to

imply a new promise to pay, the statute was tolled by the payment and the note was not outlawed when suit was begun. *Borden* v. *Fletcher's Estate,* 131 Mich 220; *Jewett* v. *Petit,* 4 Mich 508; *Mainzinger* v. *Mohr,* 41 Mich 685.

At trial plaintiff computed the amount due her in principal and interest on the note at $40,126.07. The amount was not disputed by defendant.·

Judgment reversed and cause remanded for entry of judgment for plaintiff in the amount of principal and interest due plaintiff on said promissory note. Costs of both courts to plaintiff.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.