POCIUS *v.* SMYKOWSKI.

1. APPEAL AND ERROR—NONJURY LAW CASE—FINDINGS OF FACT—
   EVIDENCE.

   The Supreme Court does not reverse the judgment of the trial
   court in a nonjury law case, where it is based on findings of
   fact of the trial court, unless the evidence clearly preponder-
   ates in the opposite direction; it being the province of the
   trial court to determine credibility of witnesses and give such
   weight to their testimony as he may see fit.

2. LIMITATION OF ACTIONS—FINDINGS OF FACT—EVIDENCE—TOLLING
   OF STATUTE.

   Findings of fact by trial court that plaintiff had loaned defendant
   $1,800 in 1925 and that $500 paid by defendant to plaintiff in
   1948 was a payment on the indebtedness *held,* supported by
   evidence and to have tolled the statute of limitations (CL 1948,
   § 609.13).

3. APPEAL AND ERROR—CROSS APPEAL—QUESTIONS REVIEWABLE—
   ROOM RENT.

   Trial court's finding of fact that plaintiff had not proved her
   claim against defendant for room rent is not considered by
   Supreme Court, where plaintiff took no cross appeal from such
   finding.

Appeal from Wayne; Brennan (John V.), J. Sub-
mitted January 9, 1952. (Docket No. 22, Calendar
No. 44,900.) Decided March 6, 1952.

Action by Ludwika Pocius against Bartholomew
Smykowski to recover balance on loan and room rent.
Judgment for plaintiff for balance of loan. Defend-
ant appeals. Suggestion of death of plaintiff. An-

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 896 *et seq.*

drew J. Sura, special administrator of estate of Ludwika Pocius, substituted as plaintiff. Affirmed.

*Andrew J. Sura (Isaac Finkelstein,* of counsel), for plaintiff.

*Willard, Stamps & Torcellini,* for defendant.

Sharpe, J. This is a law action to recover a balance due of $1,300 on a loan made on May 1, 1925, and also for the sum of $714 for rent claimed to be due from defendant Bartholomew (Bartlomiej) Smykowski.

It appears that in 1922 defendant moved into the home of plaintiff and her husband in the city of Detroit and remained there after the death of plaintiff's husband in November, 1923 until March or April, 1948. It is the claim of plaintiff that on May 1, 1925, she loaned defendant the sum of $1,800; that on February 15, 1948, defendant repaid the sum of $500; and that defendant owes the sum of $644 for rent covering the 6-year period preceding February 15, 1948, and an additional $70 for rent from February 16, 1948, to June 1, 1948. Plaintiff waives all right to interest on the indebtedness.

Defendant filed an answer to plaintiff's declaration in which he denies that he ever borrowed any sum of money from plaintiff, but admits that he gave plaintiff the sum of $500 on or about January 15, 1948, for the purpose of assisting plaintiff's destitute relatives in Europe and also denies that there ever was any agreement to pay rent to plaintiff. Defendant also pleaded the statute of limitations* as an affirmative defense.

The cause was tried before the trial court without the aid of a jury and at its conclusion the court en-

---

* CL 1948, § 609.13 (Stat Ann 1949 Cum Supp § 27.605).— Reporter.

tered a judgment in favor of plaintiff in the sum of $1,348.78.

In an opinion filed, the court said:

"Regarding the suit at law, plaintiff and defendant seem to have shared the running expense of the house on Geimer street, but in what proportions it is impossible to determine for the reason that the parties seem to have kept no accounts, or if they did so, none were produced in court. Furthermore, the testimony relative to such is of such a nature as to make further reference for an accounting apparently fruitless. Suffice it to say from the testimony, and the court so finds, that the relationship of landlord and tenant throughout the intervening 26 years was not established by competent proof, even though it is admitted that the defendant paid rent intermittently in the early years of his alleged tenancy, and, after a hiatus of several years, defendant again paid $20 as rent in 1948. Even admitting the relationship between the parties to be that of landlord and tenant, the testimony shows that defendant earned his board and keep. It is a fair inference that if there had been no dispute over the alleged loan of $1,800, the question of landlord and tenant and resultant rent therefrom never would have arisen. It is a fair inference from the testimony that the defendant had a good home with the plaintiff throughout the many years aforementioned and that in return for such home shelter, he rendered the many services in and about the house mutually helpful and beneficial to the respective parties. The court is therefore of opinion and so finds the fact to be, that plaintiff has not proved her case relative to claimed rent by a fair preponderance of the evidence and, therefore, on the issue of alleged rent, judgment of no cause of action is found in favor of the defendant.

"Regarding the alleged loan by the plaintiff to the defendant on or about May 1, 1925 in the amount of $1,800 on which amount defendant paid to the plaintiff on January 12, 1948 the sum of $500. * * *

"Viewing the testimony in the light of all the evidence, bearing in mind, that according to the testimony that the alleged loan at the time it was made in 1925 was for the purpose of enabling the defendant to pay off a mortgage on his property, and further keeping in mind the reason testified to by defendant that the sum of $500, aforementioned was given to the plaintiff by him as an outright gift, and further keeping in mind the credibility of these parties respectively, the court is of opinion and so finds that the plaintiff did make a loan of $1,800 to the defendant, on which loan the defendant paid the sum of $500, leaving a balance due and owing by the defendant to the plaintiff in the principal sum of $1,300."

Defendant appeals and urges that plaintiff failed to prove her claim of having made an $1,800 loan to defendant. In law cases tried before a court without the aid of a jury, we do not reverse the judgment based on findings of fact of the trial court unless the evidence clearly preponderates in the opposite direction. In the case at bar there is evidence that plaintiff loaned defendant the sum of $1,800 to enable defendant to pay off a mortgage on property located on Conant avenue and Chelsea avenue in the city of Hamtramck. There is evidence that defendant repaid a loan of $1,500 and discharged a mortgage on September 4, 1925. There is a clear dispute between plaintiff and defendant concerning the alleged loan of $1,800. It is the province of the trial court to determine the credibility of witnesses and give such weight to their testimony as he may see fit. We are unable to say that his appraisal of their testimony was incorrect. We, therefore, affirm his finding of fact that plaintiff loaned defendant the sum of $1,800 in May, 1925.

There is no dispute over the fact that on or about January 15, 1948, defendant paid plaintiff the sum of $500. Plaintiff claims that such payment was

made on account of the loan made to defendant in May, 1925. Defendant claims that he gave the $500 to plaintiff as a gift to be sent to her daughter in Poland. This issue also presents a question of fact. It appears that prior to this payment, defendant had been corresponding with plaintiff's daughter in Poland and when asked why he did not send the money directly to her he stated: "I didn't send that money then because I don't want to send that many that time." There is evidence in the record that during the year 1948 plaintiff sent to her daughter in Poland the sum of $3,000; that on January 15, 1948, plaintiff had on deposit in the People's State Bank of Hamtramck a sum in excess of $10,000; and that about the same time she had on deposit in the Liberty State Bank an amount in excess of $9,000. In view of these circumstances we conclude that the trial court was correct in finding as a fact that the $500 was given plaintiff as a payment on the $1,800 indebtedness and not as a gift to be sent to the daughter in Poland. It follows that the payment of $500 tolled the statute of limitations and the indebtedness was not outlawed when the law action was begun. See *Beaupre v. Holzbaugh,* 327 Mich 101.

Plaintiff, not having filed a cross appeal, the issue of her claim for $714 for room rent is not before us. The judgment of the trial court in the amount of $1,300 is affirmed, with costs in both courts to plaintiff.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, BOYLES, and REID, JJ., concurred.