## POCIUS *v.* SMYKOWSKI.

DEEDS—FRAUD—EVIDENCE.

> Trial court's finding that plaintiff was sole owner of property for which she had furnished entire consideration was established by a fair preponderance of evidence, it appearing plaintiff was unable to speak, understand or write the English language, was uninitiated in legal matters, that title insurance policy covering property was in plaintiff's name only, that there was concealment by defendant of his claim of co-ownership as evidenced by deed to both, and that by having his name included in the deed defendant had perpetrated an actionable fraud against plaintiff.

Appeal from Wayne; Brennan (John V.), J. Submitted January 9, 1952. (Docket No. 23, Calendar No. 44,901.) Decided April 7, 1952.

Bill by Ludwika Pocius against Bartholomew Smykowski to remove a cloud from title and to strike defendant's name from deed. Cross bill by defendant against plaintiff for accounting and partition. Decree for plaintiff. Defendant appeals. Suggestion death of plaintiff. Andrew J. Sura, special administrator of Estate of Ludwika Pocius, substituted as plaintiff. Affirmed.

*Andrew J. Sura (Isaac Finkelstein,* of counsel), for plaintiff.

*Willard, Stamps & Torcellini,* for defendant.

BOYLES, J. This is an appeal from a decree entered for the plaintiff by Judge John V. Brennan in

the Wayne county circuit court at the same time judgment was entered on a companion law case heard concurrently by said court. Both cases were heard and decided by the trial court at the same time on the same testimony but have come to this Court on separate appeals. The appeal from the judgment in the law case was recently decided by this Court in *Pocius*\* v. *Smykowski*, 332 Mich 578.

In the instant (chancery) case, the same plaintiff filed a bill of complaint to remove a cloud on the title and strike from a certain deed the name of the defendant which appeared therein as grantee together with that of the plaintiff. The trial court filed a separate opinion and entered a decree stating that the defendant had caused his name to be inserted as grantee in said deed by fraud and the court removed the cloud on plaintiff's title. The defendant appeals.

The case involves the title to a 2-family flat on Baldwin avenue in Detroit. At the time of trial plaintiff was 77 years of age, a Polish woman unable to speak, understand, read or write the English language. Her testimony was taken through an interpreter. The circuit judge, who had the advantage of seeing and hearing the witnesses, characterized her testimony as clear and impressive of the truth; and in his opinion has referred to the testimony of the defendant as "guarded to the point of being consciously evasive on issues which it is reasonable to conclude he must have had definite knowledge. \* \* \* His testimony lacked the element of frankness and truth."

The defendant became a roomer in the home owned by plaintiff and her husband in 1922, before the husband died. Afterward the defendant continued to live there continuously until 1948, shortly before these suits were started. He had very little prop-

---

\* Plaintiff, deceased pending appeal, appears by Andrew J. Sura, Special Administrator.

erty. The plaintiff had the home, proceeds from some life insurance, considerable earnings as a midwife, and by 1948 had accumulated bank deposits approximating $20,000. At about the time the defendant left her home in 1948 plaintiff was contacted relative to whether she would sell the Baldwin avenue flat and then learned for the first time that defendant was also named as a grantee in the deed by which she had acquired the title thereto in 1928 or 1929. The instant suit was promptly begun. She testified she had never seen the deed, and the original was never produced in court. The defendant testified that after it had been mailed to him he had put it in his desk in the house and that it was stolen— by whom he did not know. The title insurance policy, dated the same day as the deed, contained only the name of the plaintiff.

A thorough review of the record before us fully establishes that the findings of fact and conclusions filed by the trial court are amply supported by the proofs. The court said:

"The testimony in this case shows by fair and positive inference that the defendant, by a well-designed plan, gained plaintiff's confidence and gradually took over. The record amply discloses that plaintiff's trust in the defendant continued throughout the years of their companionship and up to the early part of 1948, at which time apparently over a discussion between them relative to the repayment of the loan (see law case) and later in early 1949 when plaintiff learned of defendant's claimed co-ownership in the Baldwin avenue property, this confidence was destroyed. Knowledge of defendant's claim as co-owner of the Baldwin avenue property was called to the attention of the plaintiff, incidentally, by real estate broker Chmiel who contacted plaintiff relative to whether she possibly wanted to sell the Baldwin avenue property. This brought the issue to a climax, the plaintiff at once consulting her attorneys and au-

thorizing them if the alleged claim of defendant as co-owner of the Baldwin avenue property existed in fact, to institute suit immediately. Plaintiff's surprise and indignation at defendant's alleged claim is amply born out by the testimony, she, the plaintiff, telling her neighbor that defendant was attempting to steal her property.

"It is highly significant that a title insurance policy on the Baldwin avenue property bearing even date of the recorded deed thereof, namely, April 18, 1929, in the names of both plaintiff and defendant as co-owners contained the name of plaintiff alone. The title insurance policy was on that date assigned to plaintiff.

"The plaintiff denies ever seeing the deed of co-ownership of the property nor was the original of such deed ever produced in court. That such a deed existed was evident from the photostatic copy of the recorded deed in the Wayne county records. Defendant's explanation was, that after having the deed mailed to him in his own name he placed it in his desk in the plaintiff's house and did not know what became of it, but claimed that plaintiff must have taken it, et cetera.

"The testimony would indicate without much question that what defendant showed to plaintiff as the deed was in fact the title insurance policy, an instrument in appearance sufficiently similar to a deed to deceive the uninitiated in legal matters. It is further a reasonable inference from the testimony that the defendant never showed the deed to plaintiff and that he now has it in his possession or knows definitely its whereabouts or what has become of it. When questioned on this point, his testimony did not bear the impress of truth. Plaintiff's angered reaction upon learning of defendant's claim as co-owner was both in reason and in fact consistent with the truth of her claim that she had no knowledge of such co-ownership nor did she ever authorize or agree to give to the defendant any right or share in her property. The testimony also shows that plaintiff's ac-

tions with reference to the Baldwin avenue property were always consistent with exclusive possession and control by her of such property.

"Viewing all the testimony in this case, together with the statement of facts appended hereto, the court can find no reasonable reason nor motive why plaintiff should take or did take the defendant into co-ownership in the Baldwin avenue property. On the other hand, viewing defendant's testimony in the light most favorable to himself, the entire transaction by which he acquired claimed title in the property, is lacking in the open, frank and fair dealing requisite to acquiring interest in or title to such property. The transaction in its inception, between the defendant and aforementioned real estate brokers, was, by a fair inference, from the testimony, conceived in fraud and consummated in fraud. The testimony shows by every reasonable inference that the defendant carefully and designedly concealed from the plaintiff his claimed ownership of the Baldwin avenue property throughout the many years hereafter indicated. And it is a fair inference that because of the advanced age of the plaintiff and the present precarious condition of her health, that he nearly succeeded in concealing such claimed co-ownership from the plaintiff during her lifetime. All of the testimony in the opinion of the court, points unerringly and conclusively to such plan or scheme on the part of the defendant. Incidentally, defendant's payment to the plaintiff of the sum of $500, (see law case) together with his payment of $20 rent in 1948, aforementioned, fits in with his scheme to keep plaintiff's confidence in him undisturbed to the end that his claim of co-ownership to the Baldwin avenue property might not be disclosed.

"The court, therefore, is of opinion and so finds that the plaintiff has proved her case by a fair preponderance of evidence. The court is further of the opinion and so finds that the defendant's name as co-owner in the deed to the Baldwin avenue property was secured by and through the fraud of the defend-

ant. The court further finds and declares that the plaintiff, Ludwika Pocius, is the sole and rightful owner of the aforementioned Baldwin avenue property, and that the defendant Bartholomew Smykowski has no right therein or claim thereto."

The 2-family flat in question was paid for by the plaintiff. A detailed resumé of the proofs leading to the conclusions of the trial court, in which we concur, would be of no particular benefit. The defendant by having his name included as grantee in the deed perpetrated an actionable fraud against the plaintiff. It matters not whether the defendant was acting as her agent or in a fiduciary capacity in the transaction. The plaintiff proved the fraud by competent and admissible testimony and the decree is affirmed, with costs to appellee.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.